COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-04-162-CV

 

 

LOU CRANE                                                                        APPELLANT

 

                                                   V.

 

DONALD CRANE                                                                    APPELLEE

 

                                              ------------

 

           FROM
THE 325TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.      Introduction

In two issues, Appellant Lou
Crane appeals from the trial court=s denial of her motion for periodic review and for continuation of
spousal maintenance.  We reverse and
remand. 

II.     Background








Appellant and Donald Crane,
appellee, were divorced on September 10, 1999.  In the final
decree of divorce, the trial court ordered Appellee to pay Appellant spousal
maintenance of $225.00 per week from June 25, 1999, through July 30, 1999, and
the reduced amount of $160.00 per week from August 6, 1999, through the last
Friday in December of 2002, or until she remarried, whichever occurred first.[1]  In July 2003, alleging continuing physical
disability and inability to work, Appellant filed a motion to confirm spousal
maintenance arrearage and request for periodic review of spousal maintenance to
determine whether disability is continuing, seeking an indefinite continuation
of spousal maintenance.[2]  








At the hearing on the motion,
Dr. Dennis Lehman, Appellant=s  primary care physician for
over fifteen years, testified that Appellant has suffered from fibromyalgia,
chronic fatigue syndrome, and depression since 1991.  In 1996, he had diagnosed Appellant as
totally disabled.  Dr. Lehman testified
at the hearing that Appellant=s condition has not worsened since the divorce in 1999,  and that, in general, her condition has
stabilized.  By contrast, when asked
about the changes in her condition since the divorce, Appellant responded that
her migraine headaches last longer, she drops things more frequently, her
balance has not improved, and sometimes just stepping into an air-conditioned
room and inhaling the air makes her whole body hurt.  

After hearing all the
testimony, the trial court found that Appellant Acannot support herself at appropriate employment because of the
incapacitating physical disability which she was found to be under at the time
of divorce@ and that
she lacks sufficient property or income to meet her minimum reasonable
needs.  However, the trial court found
that she did not show a material or substantial change of circumstances as
required by Texas Family Code section 8.057. 
See Tex. Fam. Code Ann.
' 8.057(c) (Vernon Supp. 2005). 
Therefore, the trial court denied Appellant=s motion for the continuation of spousal maintenance. 

III.     Spousal Maintenance








The legislative purpose in
enacting provisions for spousal maintenance was to provide temporary and
rehabilitative support for a spouse whose ability for self-support is lacking
or has deteriorated over time while engaged in homemaking activities and whose
capital assets are insufficient to provide support.  Deltuva v. Deltuva, 113 S.W.3d 882,
888 (Tex. App.CDallas 2003,
no pet.) (op. on reh=g); O=Carolan v. Hopper, 71 S.W.3d 529, 533
(Tex. App.CAustin 2002,
no pet.).  The trial court may exercise
its discretion to award spousal maintenance if the party seeking maintenance
meets specific eligibility requirements. 
Pickens v. Pickens, 62 S.W.3d 212, 214-15 (Tex. App.CDallas 2001, pet. denied). 
Section 8.051 of the Texas Family Code outlines the eligibility
requirements for maintenance.  In
pertinent part, it provides as follows:

In a suit for dissolution of a marriage . . . , the court may order
maintenance for either spouse only if:

 

. . . .

 

(2) the duration of the
marriage was 10 years or longer, the spouse seeking maintenance lacks
sufficient property, including property distributed to the spouse under this
code, to provide for the spouse=s minimum reasonable needs,
as limited by Section 8.054, and the spouse seeking maintenance:

 

(A) is unable to support
himself or herself through appropriate employment because of an incapacitating
physical or mental disability[.]

 

Tex.
Fam. Code Ann. ' 8.051 (Vernon Supp. 2005).  

Section
8.054 of the Texas Family Code, governing the duration of the maintenance
order, limits section 8.051.  See id.  At the time this case was commenced, section
8.054 provided as follows:

(a) Except as provided by Subsection (b), a court:

 








(1) may not order maintenance
that remains in effect for more than three years after the date of the order;
and

 

(2) shall limit the duration
of a maintenance order to the shortest reasonable period that allows the spouse
seeking maintenance to meet the spouse=s minimum reasonable needs by
obtaining appropriate employment or developing an appropriate skill, unless the
ability of the spouse to provide for the spouse=s
minimum reasonable needs through employment is substantially or totally
diminished because of:

 

(A) physical or mental disability;

 

(B) duties as the custodian of an infant or young child; or

 

(C) another compelling impediment to gainful employment.

 

(b) If a spouse seeking maintenance is unable to support himself or
herself through appropriate employment because of an incapacitating physical or
mental disability, the court may order maintenance for an indefinite period for
as long as the disability continues.  The
court may order periodic review of its order, on the request of either party or
on its own motion, to determine whether the disability is continuing.  The continuation of spousal maintenance under
these circumstances is subject to a motion to modify as provided by Section
8.057.

 

Tex.
Fam. Code Ann. ' 8.054(a) (Vernon Supp. 2005); Act of May 22, 2001, 77th Leg., R.S.,
ch. 807, ' 1, 2001
Tex. Gen. Laws 1574, 1576-77, amended by Act of May 25, 2005, 79th Leg.,
R.S., ch. 914, ' 3, 2005
Tex. Gen. Laws 3146, 3147 (current version at Tex.
Fam. Code Ann. ' 8.054(b)
(Vernon Supp. 2005)).








Section
8.057 outlines the requirements for modification of a maintenance order,
providing as follows:

(a) The amount of maintenance specified in a court order or the
portion of a decree that provides for the support of a former spouse may be
reduced by the filing of a motion in the court that originally rendered the
order.  A party affected by the order or
the portion of the decree to be modified may file the motion.

 

. . . .

 

(c) After a hearing, the court may modify an original or modified
order or portion of a decree providing for maintenance on a proper showing of a
material and substantial change in circumstances of either party.  The court shall apply the modification only
to payment accruing after the filing of the motion to modify.

 

. . . .

 

Tex.
Fam. Code Ann. ' 8.057.  Thus,
the amount of maintenance ordered may be reduced by filing a motion to
modify with the court that originally rendered the order. Tex. Fam. Code Ann. ' 8.057(a); see Jim Loveless, Maintenance, Contractual
Alimony, Money Judgment and Other Tips for Post Divorce Spousal Support, State Bar of Texas 31st Annual Advanced Family
Law Course supplement at 3 (Aug. 2005). 


IV.    Characterization
of Action








In her first
issue, Appellant contends that because she filed a request for an indefinite
continuation of spousal maintenance under Texas Family Code section 8.054(b),
rather than a motion to modify maintenance under section 8.057, the trial court
erred by imposing on her the burden to prove a material and substantial change
in the circumstances of either party.  We
agree.

Subject to
the exception provided by section 8.054(b), spousal maintenance may not last
more than three years after the date of the order imposing the
maintenance.  Tex. Fam. Code Ann. ' 8.054(a).  Section 8.054(b) of
the family code, however, authorizes the court, upon a finding that a spouse is
unable to support himself or herself through appropriate employment because of
an incapacitating physical or mental disability, to order spousal maintenance
for an indefinite period for as long as the disability continues.  Act of May 22, 2001, 77th Leg., R.S., ch.
807, ' 1, 2001 Tex. Gen. Laws 1574, 1576-77, amended by Act of May
25, 2005, 79th Leg., R.S., ch. 914, ' 3, 2005 Tex. Gen. Laws 3146, 3147; Pickens, 62 S.W.3d at 217.  The trial court may also order periodic
review of its order, on the request of either party or on its own motion, to
determine whether the disability continues to render the spouse unable to
support himself or herself through appropriate employment.  Act of May 22, 2001, 77th Leg., R.S., ch.
807, ' 1, 2001 Tex. Gen. Laws 1574, 1576-77, amended by Act of May
25, 2005, 79th Leg., R.S., ch. 914, ' 3, 2005 Tex. Gen. Laws 3146, 3147; see Dunn v. Dunn, 177
S.W.3d 393, 395-97 (Tex. App.CHouston [1st Dist.] 2005, pet. denied); Carlin v. Carlin,
92 S.W.3d 902, 904-05 (Tex. App.CBeaumont 2002, no pet.).  













Unlike a
motion to modify maintenance where the movant is required to prove a material
and substantial change in circumstances of one of the parties before the court
can modify its prior order to reduce or terminate maintenance, a request for
the trial court to review continuation of the spousal maintenance order appears
to place no special burden of proof on the movant other than to prove by a
preponderance of the evidence that his or her disability is continuing.  See Tex.
Fam. Code Ann. ' 8.057(c);
Act of May 22, 2001, 77th Leg., R.S., ch. 807, ' 1, 2001 Tex. Gen. Laws 1574, 1576-77, amended by Act of May
25, 2005, 79th Leg., R.S., ch. 914, ' 3, 2005 Tex. Gen. Laws 3146, 3147; Carlin, 92 S.W.3d at
905.  Appellee argues and we agree that
section 8.054(b) does state that the continuation of spousal maintenance is
subject to a motion to modify as provided by section 8.057.  Act of May 22, 2001, 77th Leg., R.S., ch.
807, ' 1, 2001 Tex. Gen. Laws 1574, 1576-77, amended by Act of May
25, 2005, 79th Leg., R.S., ch. 914, ' 3, 2005 Tex. Gen. Laws 3146, 3147. 
However, we agree with Appellant=s argument that this reference to section 8.057 does not
require that the movant who is requesting the trial court to review
continuation of the spousal maintenance order show a material and substantial
change in circumstances.  See Carlin,
92 S.W.3d at 905.  Instead, the reference
to section 8.057 means that the order of continuation itself will be subject to
future modification if the obligor contends that the amount of the payments
must be reduced, and, in that event, the obligor must show a material and
substantial change in the circumstances of either party.  See Tex.
Fam. Code Ann. ' 8.057; Tyler
v. Talburt, No. 04-02-00245-CV, 2003 WL 1964186, at *1 (Tex. App.CSan Antonio April 30, 2003, no pet.) (considering a motion to modify
an award of spousal maintenance for an indefinite period of time when the
appellant argued that Talburt no longer had an incapacitating physical or
mental condition); Jim Loveless, Maintenance, Contractual Alimony,
Money Judgment and Other Tips for Post Divorce Spousal Support, State Bar of Texas 31st Annual Advanced
Family Law Course supplement at 3 (Aug. 2005).   








Simply
labeling an action as a motion for continuation, rather than a motion to modify
maintenance, is not sufficient to invoke section 8.054(b); rather, the trial
court=s final divorce decree controls. 
See Dunn, 177 S.W.3d at 395-97 (reviewing an order of spousal
maintenance under section 8.054(b) when the trial court had stated on the
record and in the original divorce decree that Apursuant to section 8.054(b) of the Texas Family Code@ the court would review the maintenance order); Carlin, 92
S.W.3d at 904-05 (finding that wife=s motion was a request for the trial court to review continuation of
the spousal maintenance order, rather than a motion to modify maintenance,
because the final divorce decree included a clause providing that if she continued
to be unable to support herself because of her incapacitating physical
disability, then the spousal support payments would continue).  The duration of a spousal maintenance award
is determined at the time of the divorce, when the trial court must determine
whether spousal maintenance will be ordered for a period of up to three years
pursuant to section 8.054(a) or, if the trial court finds that the spouse has
an incapacitating physical or mental disability, for more than three years
pursuant to section 8.054(b).  See Tex. Fam. Code Ann. ' 8.054; Act of May 22, 2001, 77th Leg., R.S., ch. 807, ' 1, 2001 Tex. Gen. Laws 1574, 1576-77, amended by Act of May
25, 2005, 79th Leg., R.S., ch. 914, ' 3, 2005 Tex. Gen. Laws 3146, 3147. 
Once the maintenance order is incorporated into a final judgment, the
language of the final decree of divorce then controls whether a movant may file
a motion to continue maintenance.  See
Dunn, 177 S.W.3d at 395-97; Carlin, 92 S.W.3d at 904-05.








 In the final divorce decree here, even as
corrected, the trial court ordered Appellee to make spousal maintenance
payments from June 1999 through December 2002, a period of more than three
years.  The trial court only had
authority to order maintenance for more than three years under section
8.054(b); therefore, we will interpret the decree as impliedly based on a
finding of physical or mental disability under 8.054(b), since maintenance for
any other reason is limited to three years under 8.054(a).  See In re Brunin, No. 04-04-00893-CV,
2005 WL 839531, at *2 (Tex. App.CSan Antonio April 13, 2005, orig. proceeding) (op. on reh=g) (ASince
maintenance for any reason other than incapacitating physical or mental
disability may only extend for three years, the divorce decree and the 2002
order could be read as being implicitly based on a finding of incapacitating
physical or mental disability.@).  Moreover, in the order
appealed from, denying Appellant=s motion for continuation of spousal maintenance, the trial court
expressly noted that Appellant Acannot support herself at appropriate employment because of the
incapacitating physical disability which she was found to be under at the time
of divorce@ and that
she lacks sufficient property or income to meet her minimum reasonable needs. 








Thus, we
hold that the trial court incorrectly treated Appellant=s motion for continuation of spousal maintenance as a motion under
section 8.057 to modify the maintenance ordered by the original decree.  And because the request for the trial court
to review continuation of the spousal maintenance order placed no special
burden of proof on Appellant other than to prove by a preponderance of the
evidence that her disability was continuing, the trial court erred in imposing
on Appellant the burden to prove a material and substantial change in the circumstances
of either party under section 8.057(c).  See
Tex. Fam. Code Ann. ' 8.057(c); Act of May 22, 2001, 77th Leg., R.S., ch. 807, ' 1, 2001 Tex. Gen. Laws 1574, 1576-77, amended by Act of May
25, 2005, 79th Leg., R.S., ch. 914, ' 3, 2005 Tex. Gen. Laws 3146, 3147; Carlin, 92 S.W.3d at
905.  We sustain Appellant=s first issue.

V.     Conclusion

Because we
have sustained Appellant=s first
issue, we need not address her second issue. 
We reverse the trial court=s judgment and remand the case for proceedings consistent with this
opinion.

 

ANNE GARDNER

JUSTICE

 

PANEL B:   HOLMAN, GARDNER, and MCCOY, JJ.

 

DELIVERED:  February 9, 2006











[1]The
original final decree of divorce contained a clerical error by ordering spousal
maintenance to continue through the last Friday in December of 2003; therefore,
on January 28, 2004, the court granted Appellee=s
motion for judgment nunc pro tunc and corrected the decree such that the
maintenance payments continued only through the last Friday in December of
2002. 





[2]Appellant=s
motion to confirm spousal maintenance arrearage is not pertinent to any issue
raised in this appeal; therefore, we need not discuss it.