Opinion issued December 6, 2007








                                                                                                                                           

In The 
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-06-00959-CV
  __________
 
ROBERT AND LETA MITCHELL, Appellants
 
V.
 
 ARTURO GARZA, Appellee
 

 
 
On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2004-08468
 

 
 
O P I N I O N
          We withdraw our opinion and judgment issued on October 18, 2007 and issue
this one in its stead. We deny appellants’ motion for rehearing.
          Robert and Leta Mitchell appeal the trial court’s grant of a take-nothing
judgment in favor of Arturo Garza. In three issues, the Mitchells contend that the trial
court erred in (1) refusing to declare the existence of an easement by estoppel, (2)
refusing to issue a permanent injunction to remove the fence that interferes with their
easement, and (3) denying their request for attorneys’ fees. We affirm. 
Background
          The Mitchells purchased the house located at 7823 Capitol (“the Mitchell
property”) in 1959. Robert’s mother and stepfather had been living in the house since
at least 1954 and continued to do so after the Mitchells’ acquisition. A single, shale-covered driveway was located between the Mitchell property and the adjacent house
at 7827 Capitol (“the adjacent property”). In order to use their portion of the
driveway, the Mitchells believe that they had to use part of the driveway on the
adjacent property.
          Robert’s mother and stepfather continued to live in the Mitchell property until
Robert’s mother died and his stepfather was moved to a nursing home. For a couple
of years after that, Robert’s step-grandfather lived in the house and also used the
driveway. When Robert’s step-grandfather died, tenants began occupying the Mitchell
property. Around 1980, the Mitchells stopped renting the Mitchell property, and it
was vacant. While vacant, the Mitchells often visited to make repairs, and, in 1986,
they began storing furniture in the house. They generally made monthly trips to the
Mitchell property with six months being the longest period without a visit. Also, at
one point, the owner of the adjacent property had a portion of the driveway asphalted,
during which some asphalt spilled over and covered a portion of the driveway on the
Mitchell property.
          In 1989, the City of Houston replaced the curb in front of the Mitchell property. 
In the process of replacing the curb, the City neglected to leave an opening to the
driveway. The Mitchells wrote a letter requesting that the City fix the curb opening
to the driveway. Soon thereafter, the City restored the opening.
          Garza lived in the neighborhood since 1988 and bought the adjacent property
in 2002. He testified that he thought the Mitchell property was abandoned because the
“the grass [was] high” and he “hardly” saw anyone there. Garza also testified that,
when he did see people at the Mitchell property, they were parked on the street. He
indicated that he never talked to anyone that lived at the Mitchell property about their
using the part of the driveway that was located on his property. Around 2003, Garza
built a chain link fence on his portion of the driveway. The fence left the Mitchells
unable to drive a vehicle to the back of the Mitchell property or to open a car door
when parked between the house and the fence. The Mitchells cannot legally park on
the street because of a nearby fire hydrant and also cannot legally park in the front of
the driveway because they would be partially on the sidewalk. Around 2005, the
Mitchells began renting out the Mitchell property again, and their tenants, as of the
time of trial, were parking on the sidewalk. 
          The Mitchells filed suit against Garza, seeking declaratory and injunctive relief. 
Specifically, the Mitchells argued that, because they have used the driveway for more
than 50 years, they acquired an easement on the driveway, either by prescription,
express grant, implication, necessity, or estoppel. They alleged that by installing the
fence on the driveway, Garza trespassed onto and violated their use and enjoyment of
the easement. The Mitchells sought to have the trial court declare the existence of the
easement and issue an injunction mandating that Garza permanently remove the fence. 
Following a bench trial, the trial court entered a take-nothing judgment on the
Mitchells’ claims for relief. The Mitchells now appeal. 
Easement by Estoppel
          In issue one, the Mitchells argue that the trial court erred in refusing to declare
the existence of an easement by estoppel. Specifically, the Mitchells argue that the
evidence demonstrated their entitlement to an easement by estoppel and the trial court
erred by not entering a judgment declaring the existence of such an easement. We
disagree.
Standard of Review
          In a nonjury trial, where no findings of fact or conclusions of law are filed or
requested, the trial court’s judgment implies all findings necessary to support it,
provided the necessary findings are raised by the pleadings and supported by the
evidence. Whaley v. Cent. Church of Christ of Pearland, 227 S.W.3d 228, 230–31
(Tex. App.—Houston [1st Dist.] 2007, no pet.). However, because the record on
appeal contains a full reporter’s record, the Mitchells may challenge the trial court’s
implied findings for legal and factual sufficiency, under the same standards that
govern challenges to a jury’s findings. Id. at 231. To prevail, the Mitchells must show
that the trial court’s judgment cannot be sustained by any theory raised by the
evidence. Id.
          When a party attacks the legal sufficiency of an adverse finding on an issue on
which it has the burden of proof, the party must demonstrate on appeal “that the
evidence establishes, as a matter of law, all vital facts in support of the issue.” Dunn
v. Dunn, 177 S.W.3d 393, 396–97 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)
(quoting Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001)). A matter-of-law challenge requires us first to examine the record for evidence that supports the
finding, while ignoring all evidence to the contrary. Id. If no evidence supports the
finding, we will then examine the entire record to determine if the contrary proposition
is established as a matter of law. Id. We will sustain the matter-of-law challenge only
if the contrary proposition is conclusively established. Id.
          Where a party attacks the factual sufficiency of an adverse finding on an issue
on which he has the burden of proof, he must demonstrate on appeal that the adverse
finding is against the great weight and preponderance of the evidence. Dow Chem.,
46 S.W.3d at 242. We must consider and weigh all of the evidence and can set aside
a verdict only if the evidence is so weak or if the finding is so against the great weight
and preponderance of the evidence that it is clearly wrong and unjust. Id. In doing so,
the court of appeals must “detail the evidence relevant to the issue” and “state in what
regard the contrary evidence greatly outweighs the evidence in support of the verdict.” 
Id. (quoting Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex.1986)).
Analysis 
          To establish the existence of an easement by estoppel, sometimes called
estoppel in pais, the Mitchells had the burden of proving the following elements: 
(1) the owner of the servient estate [here, the adjacent property] communicated a
representation, either by words or conduct, to the promisee [here, the Mitchells]; 
(2) the promisee believed the communication; and (3) the promisee relied on the
communication. See Storms v. Tuck, 579 S.W.2d 447, 452 (Tex. 1979). These
elements apply at the time the communication creating the alleged easement is made. 
See Lakeside Launches, Inc. v. Austin Yacht Club, Inc., 750 S.W.2d 868, 872–73 (Tex.
App.—Austin 1988, writ denied). “‘[T]he exact nature and extent of the doctrine of
estoppel in pais have not been clearly defined.’” See Mack v. Landry, 22 S.W.3d 524,
528 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (quoting Drye v. Eagle Rock
Ranch, Inc., 364 S.W.2d 196, 209 (Tex.1962)). Particularly important in our analysis
is that no easement by estoppel may be imposed against a subsequent purchaser for
value, who has no notice, actual or constructive, of the easement claimed. Lakeside
Launches, 750 S.W.2d at 873. Therefore, to assert their right to an easement against
Garza, the Mitchells had the burden of proving that Garza had actual or constructive
notice of an existing easement or that the easement was created while Garza was the
owner of the adjacent property.  
          We begin by considering the Mitchells’ legal sufficiency challenge. Garza
testified that he has lived in the neighborhood since 1988 and purchased the adjacent
property in 2002, but had only occasionally seen the Mitchells at the Mitchell property
and was not aware that they or their predecessors were using the driveway. He
assumed the house was abandoned due to its unkempt lawn and infrequency of
visitors. This is legally sufficient evidence to support the implied finding that Garza
was a purchaser for value without notice of the Mitchells’ easement. 
          We also must determine if there is evidence that an easement by estoppel was
created during Garza’s ownership of the adjacent property. The Mitchells testified that
they never discussed their use of the driveway with anyone. Likewise, Garza testified
that he never talked with anyone from the Mitchell property about using the driveway. 
Furthermore, no one complained when Garza was installing the fence, which Leta
Mitchell admitted was properly placed on Garza’s property line. We hold that there
was legally sufficient evidence to support the trial court’s implied finding that an
easement by estoppel was not established while Garza was the adjacent property’s
owner. 
          We must now consider whether there was factually sufficient evidence that
Garza did not have notice of any existing easement when he purchased the adjacent
property. Garza testified that he has lived in the neighborhood since 1988. In 1989,
the Mitchells were successful in having the City of Houston restore the curb opening
to the driveway after the City paved a curb that blocked their access to the Mitchell
property’s driveway. Furthermore, Leta testified that they generally made monthly
trips to the Mitchell property, with six months being the longest period without a visit. 
They continued to make repairs to the Mitchell property, including the installation of
siding in 1992 and new pipes beginning in 2001. The Mitchells also contend that the
asphalt, which covers a portion of their driveway, is proof of a common use of the
driveway.


 
          In contrast, Garza testified that, in the time he had lived in the neighborhood,
he had only occasionally seen the Mitchells at the Mitchell property, and he was not
aware that they or their predecessors were using the driveway. During the years when
the Mitchell property was being repaired and used for furniture storage, the driveway
was not used by the Mitchells each time they visited, and they often parked on the
street. Garza also testified that he believed the Mitchell property was abandoned
because of its unkempt lawn and infrequency of visitors. Garza testified that the
previous owner of the adjacent property poured the asphalt, and, when he bought the
adjacent property, the seller told him that the driveway belonged to the adjacent
property. We hold that there is factually sufficient evidence to support the trial court’s
implied finding that Garza lacked actual or constructive notice of the Mitchells’
alleged easement by estoppel. 
          We next determine if there is factually sufficient evidence to support the trial
court’s implied finding that the Mitchells did not acquire an easement by estoppel
while Garza owned the adjacent property. To have an easement by estoppel, the
Mitchells had the burden of proving that Garza communicated a representation, either
by words or conduct, to them indicating a right to use the driveway and that the
Mitchells believed in and relied on the communication. See Storms, 579 S.W.2d at
452. The evidence shows that the Mitchells never had a conversation with Garza
concerning their use of the driveway. 
          However, acquiescing behavior or the failure to object by a servient estate may
be conduct that gives rise to a representation, if the dominant estate relied on this
conduct in a way that should preclude the servient estate from denying it. See Wallace
v. McKinzie, 869 S.W.2d 592, 595–96 (Tex. App.—Amarillo 1993, writ denied). 
Thus, we look to see whether any acquiescence or failure to object on Garza’s part
represented a right to use the driveway and, if so, whether the Mitchells believed in
and relied on any such representation.
           After Garza bought the adjacent property in 2002, the Mitchells continued to
repair and fix-up the Mitchell property. Garza testified that he sometimes came home
from work early and saw the Mitchells at the Mitchell property. However, before the
fence was erected, when they were visiting, the Mitchells usually parked in the street
or in the front of the driveway, not in the driveway. The Mitchells’ daughter, Carol
Hughes, asked Garza to move his vehicles when they were blocking the driveway. 
Garza moved his vehicles once, and he actually drove Carol’s car around his vehicles
once, but he did not move his vehicles the third time he was asked. The evidence is
factually sufficient to support the trial court’s implied finding that Garza’s behavior
did not represent to the Mitchells a right to use the driveway. Because we hold that
a right to use the driveway was not represented to the Mitchells, we need not address
whether they believed in and relied on such a representation. 
          The evidence is not so contrary to the trial court’s take-nothing judgment as to
render that judgment clearly wrong or unjust. Accordingly, we hold that the trial court
did not err in refusing to grant the Mitchells an easement by estoppel, and we overrule
the Mitchells’ first issue. Having overruled issue one, we need not address issues two
and three.
Conclusion
          We affirm the judgment of the trial court. 
 
George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Hanks, and Higley.