**Sherry M. DUNN, Appellant,**

v.

**Hershey DUNN, Appellee.**

**No. 01–03–00988–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 14, 2005.

---

Faye Lawana Ann Rodman and Kimberly Phillips, Gardere Wynne Sewell LLP, Houston, TX, for Appellant.

Ned Gill III, Gill, Revack & Samaan, Bellaire, TX, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellant, Sherry M. Dunn, appeals from the trial court's order terminating

spousal maintenance from appellee, Hershey Dunn. In three issues, appellant contends that the trial court erred by terminating spousal maintenance because (1) the trial court's findings of fact and conclusions of law are not supported by legal or factually sufficient evidence, (2) the evidence supported the continuation of spousal maintenance, and (3) the presentation of expert testimony, an inventory and financial information sheet are not statutory or evidentiary prerequisites to the continuance of spousal maintenance. We affirm.

## Background

Sherry and Hershey were married, divorced, reconciled, and remarried on June 4, 1989. Their union produced three children who were adults when the couple divorced in 2002, 12 years into their second marriage. The community property acquired during their second marriage was divided by agreement. The couple disputed, however, the issue of spousal maintenance under Chapter 8 of the Family Code, which Sherry had requested in her counter-petition for divorce.

At an evidentiary hearing before an associate judge[1] concerning the issue of spousal maintenance, Sherry produced medical documents and testimonial evidence that she was disabled and unable to be employed, but Hershey disputed those assertions. The associate judge stated on the record that Sherry was entitled to spousal maintenance at the rate of $890 per month for a period of six months, but that "pursuant to section 8.054(b) of the Texas Family Code" the Court would review that maintenance order "to see if it needs to be modified in any way." On February 26, 2002, the trial court entered

a final decree of divorce that included the spousal maintenance under the terms described by the associate judge.

The trial court conducted three separate review hearings on September 26, 2002, February 28, 2003, and May 22, 2003, and extended the spousal-maintenance order at the conclusion of each hearing. At the May 22, 2003 review hearing, at which the trial court ordered that the spousal maintenance continue through the payment due September 1, 2003, however, the trial court stated, "The Court is directing that the payee provide expert testimony and [a] financial information statement and an inventory in connection with the September 4th [2003] hearing as a condition precedent to the Court considering any further continuation of the maintenance at that time." The court also stated that it had made a docket entry stating that "expert testimony, FIS and inventory by payee to be submitted as prerequisite to continue maintenance."

On September 4, 2003, Sherry's attorney orally requested a continuance to subpoena Sherry's medical doctors, and Hershey's attorney objected to the continuance. The trial court inquired whether Sherry had a "Financial Information Statement and an Inventory" to submit to the court. Sherry's attorney responded that she did not have the inventory to submit to the court for the hearing, although she "probably" had it in her office. The trial court denied the motion for continuance and conducted the hearing on whether to continue the court-ordered spousal maintenance. Sherry's attorney represented to the court that "nothing has changed" with respect to Sherry's financial and medical condition since the trial court had initially ordered

1. An associate judge, the Honorable Ellen K. Shelton, presided at the trial on the merits. The Honorable Doug Warne, however, presided at the review hearings and signed the final decree of divorce, order terminating maintenance, and findings of fact and conclusions of law.

the spousal maintenance. The court ordered the maintenance discontinued, finding that "the payee has not complied with the Court's directives of May 22, 2003." When Sherry's attorney requested an explanation, the trial court responded, "It's being terminated because the Court gave specific instructions about information the Court wanted presented today at this reset hearing, and that information is not available to the Court."

The trial court's September 4, 2003 order stated as follows:

Pursuant to the order included in the final decree of divorce, this cause came on for hearing to determine whether the maintenance order should be continued. The Court, having considered the pleadings, the prior orders and directions of the Court, and arguments of counsel is of the opinion that the maintenance order and any withholding order should be terminated and discontinued, effective September 30, 2003.

On September 28, 2003, the trial court entered findings of fact and conclusions of law.

Sherry filed a motion for new trial, and the trial court held a hearing. Sherry testified that after the trial court discontinued the spousal maintenance, she learned from a doctor that she would be needing another surgery to her neck and lower back. Sherry also presented evidence from Dr. Thomas Diaz, who described Sherry's diagnosis as "chronic degenerative joint disease of the lumbar spine and cervical spine." On November 11, 2003, the trial court denied Sherry's motion for new trial and continuance.

### Spousal Maintenance

■ In her second and third issues, Sherry contends that the evidence is legally and factually insufficient because the evidence supported the continuation of spousal maintenance, and the trial court's findings of fact and conclusions of law are not supported by the evidence. We review these issues together.

■ We review the award of spousal maintenance under an abuse of discretion standard. *Pickens v. Pickens,* 62 S.W.3d 212, 214 (Tex.App.-Dallas 2001, pet. denied). A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *See Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex. 1998); *Pickens,* 62 S.W.3d at 214. Under the abuse of discretion standard, legal and factual sufficiency of the evidence are not independent grounds for asserting error, but they are relevant factors in assessing whether the trial court abused its discretion. *Pickens,* 62 S.W.3d at 214; *see also Lindsey v. Lindsey,* 965 S.W.2d 589, 592 (Tex.App.-El Paso 1998, no pet.) (stating that appellate court may conduct sufficiency of evidence review to determine whether trial court had sufficient evidence before it upon which to exercise its discretion).

■ We apply the same standards when reviewing the legal and factual sufficiency of the evidence supporting the trial court's fact findings as we do when reviewing the evidence supporting a jury's answer to a special issue. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex.1996); *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). Because we have a complete reporter's record before us, the trial court's findings of fact are not conclusive as to our review. *See Swanson v. Swanson,* 148 Tex. 600, 228 S.W.2d 156, 158 (1950); *Mohnke v. Greenwood,* 915 S.W.2d 585, 589 (Tex.App.-Houston [14th Dist.] 1996, no writ).

■ When a party attacks the legal sufficiency of an adverse finding on an

issue on which it has the burden of proof,[2] the party must demonstrate on appeal "that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 241 (Tex.2001). A matter-of-law challenge requires us first to examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Id.* If, but only if, no evidence supports the finding we will then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.* We will sustain the matter-of-law challenge only if the contrary proposition is conclusively established. *Id.* When reviewing the factual sufficiency of evidence, we examine all of the evidence and set aside a finding only if it is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Seidel v. Seidel,* 10 S.W.3d 365, 368 (Tex.App.-Dallas 1999, no pet.).

In determining whether a spouse with an incapacitating physical or mental disability should continue to receive spousal maintenance, the Family Code provides as follows:

> (b) If a spouse seeking maintenance is unable to support himself or herself through appropriate employment because of an incapacitating physical or mental disability, the court may order maintenance for an indefinite period *for as long as the disability continues.* The court may order periodic review of its order, on the request of either party or on its own motion, *to determine whether the disability is continuing.* The continuation of spousal maintenance under these circumstances is subject to a mo-

tion to modify as provided by Section 8.057.

TEX. FAM.CODE ANN. § 8.054(b) (Vernon Supp.2004–2005) (emphasis added).

At the September 4, 2003 hearing, Sherry's attorney represented to the trial court that "nothing" had changed with respect to Sherry's financial and medical conditions, but did not present any evidence to the trial court concerning whether Sherry's disability was continuing. *See Potter v. GMP, L.L.C,* 141 S.W.3d 698, 704 (Tex. App.-San Antonio 2004, pet. granted, abated; dism'd) (holding arguments of counsel are not evidence). The trial court's findings of fact and conclusions of law thus correctly state that, "Respondent offered no evidence in support of continuance of the maintenance order in this case," and, "The Court finds no evidence to support the continuance of the maintenance order in this case." Because Sherry had the burden of proof at the hearing and did not produce any evidence, we hold that the trial court did not abuse its discretion by terminating Sherry's spousal maintenance. We overrule Sherry's second and third issues.

### Prerequisites to the Continuation of Maintenance

■ In her first issue, Sherry contends that the trial court erred by terminating her spousal maintenance when she failed to present expert testimony, an inventory and financial information sheet as directed by the trial court. Appellant contends that the requirements imposed by the trial court, as shown in its findings of fact and conclusions of law, are not statutory or evidentiary prerequisites to the continuance of spousal maintenance under section

---

**2.** At trial, Sherry had the burden to prove by a preponderance of the evidence that her incapacitating physical disability was continuing so as to prevent her from supporting herself through appropriate employment. *See Carlin v. Carlin,* 92 S.W.3d 902, 905 (Tex. App.-Beaumont 2002, no pet.).

8.045(b) of the Family Code, and, therefore, that the trial court abused its discretion by terminating appellant's spousal maintenance as a consequence of not producing the evidence required by the trial court.[3]

Except for fundamental error, which Sherry does not claim, to preserve a complaint for appellate review, a party must present to the trial court a timely and specific request, objection, or motion. TEX. R.APP. P. 33.1(a); *In re B.L.D.*, 113 S.W.3d 340, 349–350 (Tex.2003). The record demonstrates that, despite many opportunities to object to the trial court's evidentiary requirements, Sherry did not object at any point. Additionally, Sherry did not object to the trial court's findings of fact and conclusions of law.[4]

We hold that by failing to object to the trial court's evidentiary requirements and by failing to object to the trial court's findings of fact and conclusions of law,

Sherry has waived any error and presents nothing for our review in regard to her first issue. TEX.R.APP. P. 33.1(a); *In re B.L.D.*, 113 S.W.3d at 350; *see also In re Kajima International, Inc.*, 139 S.W.3d 107, 110 (Tex.App.-Corpus Christi 2004, no pet.) (stating challenges to trial court's legal conclusions are waived by not objecting to order or underlying findings and conclusions); *Piro v. Sarofim*, No. 01–00–00398–CV, 2002 WL 538741, at *5 (Tex. App.-Houston [1st Dist.] April 11, 2002, no pet.) (not designated for publication) (holding that no error preserved when lawyer does not show in record where he objected to trial court's findings or conclusions); *Regan v. Lee*, 879 S.W.2d 133, 136 (Tex. App.-Houston [14th Dist.] 1994, no writ) (holding that "general rule" requiring preservation of error applies to challenges to conclusions of law from nonjury trials); *Winters v. Arm Refining Co., Inc.*, 830

---

3. The complained of finding of fact states as follows:

> 2. On May 22, 2003, and pursuant to the order included in the final decree of divorce, this cause came on for a hearing to determine whether the maintenance order should be continued. At that time, both parties appeared before the Court with counsel. The Court ordered maintenance to be continued through September 1, 2003; but ordered the case be reset for review on September 4, 2003, subject to the proviso that respondent would submit expert testimony, a financial information sheet, and an inventory as a prerequisite to continued maintenance.

The complained of conclusion of law states as follows:

> (a) in spite of adequate notice of her burden to produce evidence in support of the continuation of the maintenance order and of this Court's intent to discontinue the order in the absence of such evidence, respondent, Sherry Marie Dunn, failed to offer any evidence as to why the maintenance order included in the February 22, 2002, final decree of divorce should be continued[.]

4. On May 22, 2003, the trial court stated on the record and made a docket notation that Sherry would have to provide expert testimony and certain financial information for the September hearing if she wished to receive continued spousal maintenance. Over three months later, at the September 4, 2003 hearing, the trial court inquired about whether Sherry had any of the expert or financial evidence that the trial court had requested earlier. On September 28, 2003, the trial court entered its findings of fact and conclusions of law. Forty-four days after entering its findings of fact and conclusions of law, the trial court held a hearing on November 11, 2003 on Sherry's motion for new trial, which motion did not assert that the trial court had incorrectly imposed evidentiary requirements not required under the statute. Over the course of five months' time and three court hearings, therefore, Sherry never asserted that the trial court had erroneously required her to produce expert and financial evidence. Additionally, although the findings of fact and conclusions of law were filed 44 days before the motion for new trial hearing, Sherry did not assert any objections to the trial court's findings of fact and conclusions of law.

S.W.2d 737, 738–39 (Tex.App.-Corpus Christi 1992, writ denied) (same).[5]

## Conclusion

We affirm the judgment of the trial court.

**5.** *But see Sammons v. Elder*, 940 S.W.2d 276, 280 (Tex.App.-Waco 1997, writ denied) (holding that conclusions of law in nonjury trial are reviewable by court of appeals without preservation under Rules of Appellate Procedure), *and* W. Wendell Hall, *Standards of Review in Texas*, 34 Sᴛ. Mᴀʀʏ's L.J. 1, 188–89, 188 n. 1159, n. 1160 (2002).