**Opinion issued October 6, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00366-CV

———————————

### IN RE MIGUEL ZARAGOZA FUENTES, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

## O P I N I O N[1]

This mandamus proceeding stems from the trial court's order of $350,000 per month in temporary spousal support and attorney's fees in an underlying divorce case.[2] Relator, Miguel Zaragoza Fuentes, contends that (1) the order is void because

---

[1] We originally issued an opinion in this case on August 9, 2016. Relator filed a motion for rehearing. We deny the motion for rehearing, but withdraw our prior opinion and issue this opinion in its stead.

[2] The underlying case is *In the Matter of the Marriage of Evangelina Lopez Guzman Zaragoza, and Miguel Zaragoza Fuentes, et al.*, cause number 2014-30215, pending in the 245th District Court of Harris County, Texas, the Honorable Roy L. Moore presiding.

it was entered more than thirty days after an appeal was perfected from the underlying case; and (2) the trial court abused its discretion because the awards lack evidentiary support. We conditionally grant the petition.

## BACKGROUND

Evangelina Lopez Guzman Zaragoza, the real party in interest, sued Miguel for divorce in Harris County. Her petition for divorce listed several companies as co-respondents. Evangelina alleged that these companies were Miguel's alter egos, and she requested that the trial court appoint a receiver to oversee them.

In a verified motion for continuance of a hearing on Evangelina's request for appointment of a receiver, Miguel's counsel claimed that "[t]he assets under the control of [Miguel] have a value in excess of one billion dollars ($1,000,000,000 USD), and include dozens of companies in many different countries."

Miguel did not participate in the eventual trial. As a result, the trial court rendered a default judgment in favor of Evangelina. The trial court signed its Final Decree of Divorce on December 21, 2015, awarding Evangelina one-half of the marital estate and $537 million in fraud-on-the-community damages, including cash in the amount of $537,680,823, real and personal property, and "[a]ll shares and all interest of any kind in and to" business entities located across the world that the trial court found to be Miguel's "alter egos."

2

Miguel moved for a new trial and several intervenors in the proceedings filed written notices of appeal, including Laura Zaragoza Rodriguez de Reyes, Dade Aviation, Inc., Abbingdon Marine, Inc., Ezar Management, LLC, Ezar Properties, L.P., Eagle Ridge Properties, LLC, and Elsa Esther Carrillo Anchondo (the "Intervenors"). On March 4, 2016, the trial court denied Miguel's motion for new trial. Miguel subsequently filed his notice of appeal on March 18, 2016.

On March 28, 2016—ten days after Miguel's notice of appeal was filed—Evangelina moved for temporary orders under Family Code Section 6.709, seeking spousal support and payment of her attorney's fees during the appeal. *See* TEX. FAM. CODE ANN. § 6.709 (West 2006). Her amended motion asserted that "Hearing on this motion must be held within 30 days of perfection of appeal, which occurred on March 4, 2016, and therefore Friday, April 1, 2016 is the deadline for the hearing." TEX. FAM. CODE ANN. § 6.709(a).

Miguel moved to dismiss Evangelina's motion, arguing that her request for temporary orders was untimely. He contended that any temporary orders pending an appeal of the case had to be entered no later than February 20, 2016—thirty days after the date an appeal was filed by the Intervenors—rather than the date of Miguel's notice of appeal.

The trial court denied Miguel's motion to dismiss and proceeded to hear Evangelina's request for temporary orders. The trial court found that it had

3

jurisdiction to enter temporary orders solely as to Miguel. It granted Evangelina's request for temporary orders based "upon the pleadings on file and the testimony presented today, as well as all the evidence presented . . . in this case." The trial court ordered Miguel to pay Evangelina $300,000 in spousal support per month and $50,000 in attorney's fees per month.[3]

On May 4, 2016, Miguel filed a petition for writ of mandamus arguing that (1) the trial court's temporary orders were void because they were entered more than thirty days after an appeal was perfected by the Intervenors, and (2) in the alternative, the order for $350,000 in monthly payments to Evangelina lacks evidentiary support.[4]

## DISCUSSION

### I. Timeliness of Order for Temporary Support

Miguel contends that trial court had no authority to award temporary relief more than thirty days after the first appeal in the case was perfected; Evangelina responds that the thirty days runs from the date that Miguel perfected his appeal. *See* TEX. FAM. CODE § 6.709.

---

[3]  Evangelina claims that no payments have been made since the temporary orders were entered.

[4]  Intervenors Ernesto Carrillo and Texas LPG Storage Company filed responses in support of mandamus relief, but the trial court did not grant Evangelina any relief against them.

**A. Standard of review and applicable law**

An untimely temporary order is a void order. *See Love v. Bailey-Love*, 217 S.W.3d 33, 36–37 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Bass v. Bass*, 106 S.W.3d 311, 315–16 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Mandamus is appropriate when a trial court makes void orders. *In re Boyd*, 34 S.W.3d 708, 711 (Tex. App.—Fort Worth 2000, orig. proceeding).

Section 6.709 of the Texas Family Code provides for the trial court to enter temporary orders "necessary for the preservation of the property and for the protection of the parties during the appeal." TEX. FAM. CODE ANN. § 6.709. Section 6.709 subjects requests for temporary orders and the order itself to time constraints:

> (a) ***Not later than the 30th day after the date an appeal is perfected***, on the motion of a party or on the court's own motion, after notice and hearing, the trial court may render a temporary order necessary for the preservation of the property and for the protection of the parties during the appeal, including an order to:
>
> > (1) require the support of either spouse;
> >
> > (2) require the payment of reasonable attorney's fees and expenses;
> >
> > (3) appoint a receiver for the preservation and protection of the property of the parties; or
> >
> > (4) award one spouse exclusive occupancy of the parties' residence pending the appeal.
>
> (b) The trial court retains jurisdiction to enforce a temporary order under this section unless the appellate court, on a proper showing, supersedes the trial court's order.

TEX. FAM. CODE ANN. § 6.709 (emphasis added).

5

Miguel filed a notice of appeal on March 18, 2016. The Intervenors in the case, however, filed their notices of appeal on January 20, 2016, from the trial court's order striking their interventions. Relying on the Intervenors' notices of appeal, Miguel contends that any order for temporary support was due by February 19, 2016. Miguel argues that Section 6.709(a)'s thirty-day deadline for entering temporary orders begins to run whenever "an" appeal is perfected and that the appeal need not have been perfected by the party against whom relief is sought. Miguel further observes that Texas Rule of Appellate Procedure 25.1(a) provides that "[a]n appeal is perfected when a written notice of appeal is filed with the trial court clerk," regardless of who filed it. *See* TEX. R. APP. P. 25.1(a). Finally, Miguel notes that, under Rule 25.1(b), "The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from." *See* TEX. R. APP. P. 25.1(b).

Accordingly, the question posed is whether section 6.709(a)'s thirty-day deadline began to run with either (1) the January 20, 2016 appeals filed by the other parties or (2) the subsequent March 18, 2016 appeal filed by Miguel. We hold that the 30-day deadline began running with Miguel's appeal and thus the trial court timely entered the temporary orders.

The Texas Rules of Appellate Procedure determine appellate jurisdiction, which attaches when any party perfects an appeal. But nothing in those rules

constrains a party from later perfecting their own appeal, and the appellate rules do not govern the calculation of time for spousal support requests under the Texas Family Code. Rather, that support hinges on the appeal of a divorce decree that divides the marital estate. Evangelina rightly points out that she is not entitled to temporary support without a pending appeal of the divorce. *See Grossnickle v. Grossnickle*, 935 S.W.2d 830, 848 (Tex. App.—Texarkana 1996, writ denied) (holding temporary support not permitted if neither party appeals divorce). None of the Intervenors could be ordered to pay spousal support to Evangelina, nor were any of them ordered to do so. Rather, only Miguel could be ordered to pay spousal support and, until he filed his appeal on March 18, 2016, there was no need for Evangelina to seek temporary orders pending an appeal.

There is no dispute that the temporary orders against Miguel were entered "[n]ot later than the 30th day after the date an appeal [was] perfected" by Miguel. TEX. FAM. CODE ANN. § 6.709(a). Miguel's proposed reading of section 6.709(a) restricts the time for entering temporary orders by effectively replacing "an appeal" with "an appeal by any party," including one that is perfected from an interlocutory order that did not grant a divorce or divide the marital estate.

Miguel urges that he repeatedly advised Evangelina of his intention to appeal in post-judgment motions. But advising Evangelina of an intent to appeal in the future does not bear on the determination of the date the appeal was actually

7

perfected. Section 6.709(a)'s thirty-day deadline begins to run after an appeal is perfected by the filing of a notice of appeal, not when a party indicates its appellate intentions.

Accordingly, the trial court correctly concluded that it had jurisdiction to enter temporary support orders solely as to Miguel because the proper reading of section 6.709 focuses on the timing of an appeal perfected by the party against whom the temporary orders are sought.

## II. Evidentiary Basis for Temporary Support

Miguel argues that even if the temporary orders are not void, the trial court abused its discretion in awarding $350,000 in monthly payments to Evangelina because the awards lack evidentiary support. We determine whether such orders may be challenged by petition for a writ of mandamus. Concluding that they can, we examine the evidence supporting the trial court's order.

### A. No Adequate Remedy By Appeal

Courts frequently have addressed challenges to temporary orders rendered under section 6.709, or its predecessor, in conjunction with the pending appeal from the final judgment. *See*, *e.g.*, *Love v. Bailey-Love*, 217 S.W.3d 33, 34, 36 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Walters v. Walters*, No. 05–03–00469–CV, 2004 WL 2595846, at *1, 3–4 (Tex. App.—Dallas Nov.16, 2004, no pet.); *McAlister v. McAlister*, 75 S.W.3d 481, 483 (Tex. App.—San Antonio 2002, pet.

denied); *Grossnickle*, 935 S.W.2d at 850 (prior statute); *Eikenhorst v. Eikenhorst*, 746 S.W.2d 882, 890–91 (Tex. App.—Houston [1st Dist.] 1988, no writ) (prior statute); *see also* 6 Roy W. McDonald & Elaine A Grafton Carlson, TEXAS CIVIL PRACTICE § 25.4[c] (2d ed. 2014) ("The few cases on the subject have held that such orders are appealable with the final judgment.") (footnote omitted). As the El Paso Court of Appeals recently explained:

> As for challenges to temporary orders issued pending a divorce appeal under Section 6.709, mandamus is available as an option, but it is not the only option. Unlike Section 109.001(c), Section 6.709 contains no explicit ban on "interlocutory" appeals. *See* TEX. FAM. CODE ANN. § 6.709 *et seq*. Instead, TEX. FAM. CODE ANN. § 6.709(b) simply provides that "[t]he trial court retains jurisdiction to enforce a temporary order under this section unless the appellate court, on a proper showing, supersedes the trial court's order." Several of our sister courts, including the Fort Worth Court of Appeals whose precedent we apply in this case, have read Section 6.709(b) as vesting the appellate courts with the power to review the validity of ancillary Section 6.709 temporary orders concurrent with the underlying appeal from a final divorce decree. *See Halleman v. Halleman*, 379 S.W.3d 443, 455 (Tex. App.—Fort Worth 2012, no pet.); *In re Merriam*, 228 S.W.3d 413, 416 (Tex. App.—Beaumont 2007, orig. proceeding); *In re Marriage of Edwards*, No. 06–12–00016–CV, 2012 WL 4503413, at *10 n. 28 (Tex. App.—Texarkana Oct. 2, 2012, no pet.) (mem. op.).

*Bowers v. Bowers*, ___ S.W.3d ___, No. 08-13-00346-CV, 2016 WL 1403227, at *10 (Tex. App.—El Paso Apr. 8, 2016, no pet.) (emphasis omitted).

Because challenges to temporary orders under section 6.709 may be reviewed in conjunction with the underlying appeal, mandamus relief is available only when reviewing the order with the appeal is an inadequate remedy. *See In re Merriam*, 228

9

S.W.3d 413, 416 (Tex. App.—Beaumont 2007, orig. proceeding). Thus, courts have denied mandamus relief in challenges of temporary awards of attorney's fees payable in the event that the appeal is unsuccessful because an adequate remedy by appeal exists. *See*, *e.g*., *Merriam*, 228 S.W.3d at 414, 418. In denying mandamus relief in *Merriam*, the Beaumont court explained:

> Because the order does not require [relator] to pay the attorney's fees until the conclusion of an unsuccessful appeal, he will not be harmed if he is required to raise the issue in his pending appeal from the final judgment. *See*, *e.g.*, *Love*, 217 S.W.3d at 36. Under the circumstances, [relator] has not shown appeal is an inadequate remedy.

*Merriam*, 228 S.W.3d at 416; *accord In re Moore*, ___ S.W.3d ___, No. 05-14-01173-CV, 2016 WL 80205, at *6 (Tex. App.—Dallas Jan. 7, 2016, orig. proceeding).

Here, however, the trial court ordered the temporary awards to be paid monthly prior to the conclusion of Miguel's appeal. In such circumstances, Miguel lacks an adequate remedy by appeal. Thus, we review the sufficiency of the evidence upon which the trial court granted the temporary orders.

## B. Evidentiary Support

We review awards of spousal maintenance for an abuse of discretion. *See Dunn v. Dunn*, 177 S.W.3d 393, 396 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *See*

*Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *Dunn*, 177 S.W.3d at 396. In this context, "legal and factual sufficiency of the evidence are not independent grounds for asserting error, but they are relevant factors in assessing whether the trial court abused its discretion." *Dunn*, 177 S.W.3d at 396. Because of the overlap between the abuse-of-discretion and sufficiency-of-the-evidence standards of review, we determine whether the trial court (1) had sufficient information on which to exercise its discretion and (2) erred in its application of that discretion. *Stamper v. Knox*, 254 S.W.3d 537, 542 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

The trial court granted Evangelina temporary spousal support of $300,000 per month and legal fees of $50,000 per month.

## 1. Spousal Support

In a financial information statement filed with the trial court, Evangelina claimed that she is entitled to $600,000 per month in spousal support and $100,000 per month in legal fees. Among other things, these monthly support expenses included $200,000 per month for travel; $120,000 for security guards and drivers; $50,000 for clothing; $20,000 for medical expenses; $6,000 for water; $6,000 for energy; $4,000 for telephone; $14,000 for groceries; $3,000 for flowers; $10,000 for payments on her Neiman Marcus credit card; and $50,000 for loan repayments.

However, when testifying about these categories, Evangelina admitted that (1) she "never felt threatened" so as to need security guards; (2) she does not personally

11

pay for water, lights, telephone, and groceries; (3) she has no documentation to support $50,000 per month for clothing or $200,000 for travel; (4) she has "no idea" how much she owes to Neiman Marcus, other credit cards, or hospitals; and (5) she does not owe loan repayments. She testified that her adult children have deposited money into her bank account to pay these expenses.

Temporary spousal support is intended to provide for the parties' necessary expenses:

> Specifically, temporary support pending divorce has for its purpose the maintenance of the family until the final decree. It is not a property right, but is to be determined by the consideration of the needs of the applicant. *Russell v. Russell*, 79 S.W.2d 639, 640 (Tex. Civ. App. —Fort Worth 1934, writ dism'd w.o.j.). Therefore, temporary support should be awarded based on considerations of both the degree to which the applicant is destitute of means to pay for his or her necessities during the pendency of the suit, and the ability of the requested spouse to pay. *Id*. at 640. The earliest authority on the subject states that "where the wife has a separate income adequate to her maintenance, the husband is not liable for [temporary support]." *Wright v. Wright*, 6 Tex. 29, 32–33 (Tex. 1851).

*Herschberg v. Herschberg*, 994 S.W.2d 273, 278 (Tex. App.—Corpus Christi 1999, no pet.). Evangelina did not provide any evidence to the trial court regarding which of these expenses were actually incurred by her and necessary for her maintenance. She testified that she does not personally pay her bills and that she had no personal knowledge as to the actual amounts that she incurs. Evangelina's testimony is insufficient support for her claimed expenses because she admitted she does not have

12

personal knowledge of them. *See Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 666 (Tex. 2010).

Evangelina argues that the temporary support awarded should be sufficient to maintain her standard of living before the divorce. Evangelina cites *Russell v. Russell*, 79 S.W.2d 639, 640 (Tex. Civ. App.—Fort Worth 1934, writ dism'd), to support her contention.  But in *Russell*, the Fort Worth Court of Appeals stated that:

> The statute prescribes that the court may allow a sum for her support. This is an interlocutory order having for its purpose the maintenance of the family until final decree. It is not a property right, but is to be determined by the consideration of the needs of the applicant. . . .We have examined the record . . . and are not able to say that the trial judge erred in refusing alimony, since the testimony did not conclusively show that the appellee was able to pay or that appellant was destitute of means.

*Russell*, 79 S.W.2d at 640 (citations omitted). The court in *Russell* concluded that a trial court must have some evidence of the need for spousal support and that the spouse seeking support is "destitute of means." *Id*. In this case, as in *Russell,* Evangelina did not provide evidence of her means to the trial court and did not offer more than conclusory figures as to her actual monthly expenses, for example, $200,000 per month for "travel."

Tacitly conceding that the information as to her actual expenses is lacking in evidence, Evangelina argues that the trial court was entitled to rely upon its "familiar[ity] with the parties, the scope of the marital estate and the parties' needs." However, a broad assertion of the trial court's familiarity with the case does not cure

13

the lack of explanation or evidentiary support for awarding $300,000 per month in spousal support. Accordingly, we hold that the trial court erred in granting that amount for monthly spousal maintenance.

## 2. Attorney's Fees

Miguel further argues that the trial court abused its discretion by awarding Evangelina $50,000.00 in temporary attorney's fees and expenses while the case is on appeal. There is no evidence in the record that Evangelina will incur $50,000.00 in monthly attorney's fees on appeal or that such an amount is reasonable and necessary. *See Benoit v. Benoit*, No. 01-15-00023-CV, 2015 WL 9311401, at *15 (Tex. App.—Houston [1st Dist.] Dec. 22, 2015, no pet.) (mem. op.) ("We hold that, without supporting evidence showing the reasonableness of the fees, the trial court abused its discretion by awarding appellate attorney's fees of $5,000."). Accordingly, we hold that the trial court erred in awarding $50,000 per month in attorney's fees payable immediately.

14

## CONCLUSION

We conditionally grant the petition for writ of mandamus. We direct the trial court to modify its order of temporary support and attorney's fees consistent with this opinion within 30 days. *See id.* at \*15–16 (reversing portion of section 6.709 order awarding attorney's fees for lack of evidence regarding reasonableness of amounts awarded and remanding for trial court to determine amounts). We are confident that the trial court will promptly comply; our writ will issue only if it does not. We dismiss any pending motions as moot.



Jane Bland
Justice


Panel consists of Chief Justice Radack and Justices Higley and Bland.