# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00308-CV

**Bart Debrock, Appellant**

**v.**

**Marlies Debrock, Appellee**

### FROM THE 155TH DISTRICT COURT OF FAYETTE COUNTY
NO. 2018V-036, THE HONORABLE JEFF R. STEINHAUSER, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Appellant Bart Debrock filed a motion for emergency relief, seeking to stay two provisions of the trial court's temporary orders pending appeal, which were issued after Bart filed his notice of appeal of the trial court's final decree of divorce.[1] *See* Tex. Fam. Code § 6.709(*l*)(1) (allowing party to challenge post-decree temporary orders on "motion filed in the court of appeals with jurisdiction or potential jurisdiction over the appeal from the judgment in the case"). In his motion for emergency relief, Bart contends that the trial court abused its discretion by (1) ordering that he pay Marlies $3,500 per month in spousal support and (2) awarding to Marlies unconditional "interim" or appellate attorneys' fees in the amount of $16,500 before the conclusion of the appeal. To preserve the status quo while the Court requested supplemental briefing and considered the

---

[1] Because the parties share the same last name, we refer to them by their first names.

motion for emergency relief, we temporarily stayed the two provisions of the temporary orders. Having considered the briefing and record on the motion for emergency relief, the Court grants the motion in part and denies the motion in part for the reasons explained below.

## BACKGROUND

Bart and Marlies married in December 1998 and had three children.[2] They separated in July 2017, and Marlies filed for divorce on February 5, 2018. After a bench trial, the trial court signed the final divorce decree on May 6, 2021. After Bart timely filed a notice of appeal on July 5, 2021, Marlies moved for temporary orders pending appeal.

In her motion for temporary orders, relevant to this motion, Marlies requested temporary spousal support in the amount of $3,500 per month (which was the same amount awarded in the divorce decree as spousal maintenance) and payment of her "reasonable and necessary attorney's fees and expenses for defense of the appeal." *See id.* § 6.709(a)(1)-(2). Bart objected to Marlies's requests for temporary spousal support and appellate attorneys' fees, and he asked the trial court to stay the spousal-maintenance award, or alternatively, reduce the amount of support payments awarded for the duration of the appeal. After a hearing, the trial court signed the August 12, 2021 temporary orders that require Bart to pay temporary spousal support in the amount of $3,500 per month, beginning September 1, 2021, and nonconditional "interim" attorneys' fees in the total amount of $16,500 (payable in differing amounts to Marlies's three attorneys on August 16 and August 31, 2021).

After Bart failed to pay the attorneys' fees and the first spousal-support payment by the deadlines provided in the temporary orders, Marlies filed a motion to enforce the temporary

---

[2] Although Bart and Marlies had three children, there was only one minor child of the marriage by the time of the divorce trial. That child is now thirteen years old.

2

orders in the trial court. Bart subsequently filed his motion for emergency relief in this Court, challenging the temporary spousal support and the attorneys' fees awarded in the temporary orders.[3]

## ANALYSIS

**Standard of review**

We review awards of temporary spousal support for an abuse of discretion. *See In re Fuentes*, 506 S.W.3d 586, 592-93 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding [mand. denied]). A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *In re Fuentes*, 506 S.W.3d at 593. In this context, "legal and factual sufficiency of the evidence are not independent grounds for asserting error, but they are relevant factors in assessing whether the trial court abused its discretion." *Dunn v. Dunn*, 177 S.W.3d 393, 396 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); *see also Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied). There is no abuse of discretion as long as some evidence of a substantive and probative character exists to support the trial court's decision. *Stamper v. Knox*, 254 S.W.3d 537, 542 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Courts apply a hybrid analysis because of the overlap between the abuse-of-discretion and sufficiency-of-the-evidence standards of review, engaging in a two-pronged inquiry to determine whether the trial court (1) had sufficient information on which to exercise its discretion and (2) erred in its application of that discretion. *Zeifman*, 212 S.W.3d at 588.

---

[3] Bart had not made any of the required payments before this Court stayed those provisions of the trial court's temporary orders.

We conduct a traditional sufficiency review to answer the first question, applying the familiar standards for determining the legal and factual sufficiency of the evidence. In this case, because Bart did not have the burden of proof on either issue, to attack the legal sufficiency of the court's implied findings, he must demonstrate on appeal that there is no evidence to support the adverse findings.[4] *See id.* (citing *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983)). We analyze whether the evidence would enable reasonable people to reach the judgment being reviewed, crediting evidence favorable to the findings if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). When analyzing the factual sufficiency of the court's implied findings on the two issues, we must consider and weigh all of the evidence pertinent to the findings to determine whether the credible evidence supporting them is so weak, or so contrary to the overwhelming weight of the evidence, that the findings should be set aside because they are clearly wrong and manifestly unjust. *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 615 (Tex. 2016); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). If we determine that the trial court had sufficient information upon which to exercise its discretion, to answer the second question, we determine whether the trial court made a reasonable decision based on the evidence, "that is, that the court's decision was neither arbitrary nor unreasonable." *Zeifman*, 212 S.W.3d at 588.

---

[4] When a trial court does not issue findings of fact and conclusions of law with its ruling, "all facts necessary to support the judgment and supported by the evidence are implied." *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

**Spousal support**

Bart contends in his first issue that the trial court abused its discretion by ordering him to pay Marlies $3,500 per month in temporary spousal support, arguing that Marlies did not establish that this amount is necessary for her minimum reasonable needs and that his testimony establishes that he cannot afford to pay it.[5]  In response, Marlies asserts that the record contains evidence supporting the trial court's finding that she is entitled to support.

Section 6.709 provides that "[t]he trial court may render a temporary order as considered equitable and necessary for the preservation of the property and for the protection of the parties during an appeal," including an order requiring the support of either spouse.  Tex. Fam. Code § 6.709(a)(1).  At the hearing on Marlies's motion for temporary orders, the trial court admitted into evidence Marlies's financial-information statement reflecting her monthly net income of $2,898 (including the child-support award, which Bart is not challenging) and expenses of $7,416, leaving a monthly deficit of $4,518.[6]  Marlies testified at the hearing that after she made the budget, she realized her living expenses were more than she had requested in her motion, so she was seeking $4,500 per month instead of $3,500.

Bart argues that Marlies did not establish that these claimed expenses are "minimum reasonable needs."  The phrase "minimum reasonable needs" is part of the Chapter 8

---

[5]  Bart also argues that Marlies failed to rebut the statutory presumption against spousal maintenance at trial, *see* Tex. Fam. Code § 8.053, and that the amount awarded exceeds the amount statutorily allowed, *see id.* § 8.055.  We need not reach these arguments at this stage of the proceedings, however, because temporary orders providing for spousal support during the pendency of an appeal are governed by Family Code Section 6.709(a), not by Chapter 8.  Accordingly, we express no opinion on the merits of Bart's arguments challenging the award of spousal maintenance in the final decree.

[6]  At the temporary-orders hearing, Marlies acknowledged that Bart continued to pay her utility bills and car insurance during the pendency of the divorce and up to the time of the hearing.  Bart asserts, and Marlies does not dispute, that he has continued to pay "her living expenses and his child support."

standard for spousal maintenance awarded in a final divorce decree and differs from Section 6.709's "equitable and necessary" standard for temporary orders. *See id.* § 8.051 (allowing court to "order maintenance for either spouse only if the spouse seeking maintenance will lack sufficient property, including the spouse's separate property, on dissolution of the marriage to provide for the spouse's minimum reasonable needs," provided that certain other criteria are met). Courts have interpreted Section 6.709 as allowing temporary spousal support "to provide for the parties' necessary expenses." *See In re Christensen*, No. 01-16-00893-CV, 2017 WL 1485574, at *5 (Tex. App.—Houston [1st Dist.] Apr. 25, 2017, orig. proceeding) (mem. op.) (citing *In re Fuentes*, 506 S.W.3d at 593). "Temporary support should be awarded based on considerations of the degree to which the applicant is destitute of means to pay for her necessities during the pendency of the appeal and the other spouse's ability to pay." *Id.* (citing *In re Fuentes*, 506 S.W.3d at 593). In addition, Section 6.709 requires the trial court to consider the extent to which temporary support is necessary "for the preservation of the property and for the protection of the parties during an appeal."

In the final divorce decree, the trial court awarded Marlies the marital residence and the exclusive right to designate the child's primary residence; consequently, Marlies is responsible for the upkeep of the home that is the child's primary residence. In addition, Bart has indicated that he intends to challenge the trial court's property division on appeal. Thus, under these circumstances, we conclude that the trial court could reasonably consider the extent to which temporary support is needed for the preservation of the residence awarded to Marlies, as well as for her necessary expenses. *Cf. In re Garza*, 153 S.W.3d 97, 101 (Tex. App.—San Antonio 2004, orig. proceeding) (holding that trial court could reasonably award one spouse conditional appellate attorneys' fees under Section 6.709(a)(2) and under similar provision for protecting welfare of

6

children, Section 109.001(a)(5), because that spouse had primary responsibility for care and upkeep of and debt on children's principal home, as well as for children's care).

Marlies testified that she prepared most of the numbers in the budget, except for the cost of attorneys' fees, and that the budget would allow her and her child "to live in a way where we're not struggling paycheck to paycheck" (which Marlies explained meant the monthly child-support payments). During her testimony, Marlies stated that she prepared the budget by calling various service providers, including healthcare agencies, insurance agencies, landscapers, and other professionals to get estimates for various items. She testified that there are various household maintenance issues that she has been unable to resolve because she cannot afford to, including pest problems and plumbing issues, and that she also has been unable to afford to take their multiple animals to the veterinarian. In addition, Marlies stated that she paid $225 in the prior month for lawn care because Bart has not turned over the "Zero-turn" lawnmower that she was awarded in the divorce and she has an acre of land that needs to be mowed. The court admitted into evidence an insurance quote for one vehicle and a health-insurance quote from the Affordable Care Act website, which Marlies testified was for the same type of insurance she had when the parties were married.

Bart also argues that the trial court's award of temporary spousal support is an abuse of discretion because he provided uncontroverted testimony that he does not have $3,500 per month to pay spousal support. Bart testified at the hearing that he had to borrow money from friends against properties that he was awarded in the decree to pay his attorneys a $25,000 retainer for the appeal and that he is "just picking and choosing which bills he is paying." He further testified that his antiques business needs about $50,000 in operating cash but because his operating funds were depleted during the divorce proceedings, at the time of the hearing he only had $36,000

7

in cash. He also stated that he owed 28,000 euros in Europe for inventory purchases and that he had $40,000 in credit-card debt. Bart did not submit any documentary evidence to support his testimony. *See In re Fuentes*, 506 S.W.3d at 594 (noting that party could not rely on "a broad assertion of the trial court's familiarity with the case" in lieu of evidentiary support at temporary-orders hearing).

When the evidence "would enable reasonable and fair-minded people to differ in their conclusions, then [factfinders] must be allowed to do so. A reviewing court cannot substitute its judgment for that of the trier-of-fact, so long as the evidence falls within this zone of reasonable disagreement." *City of Keller*, 168 S.W.3d at 822; *see also Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003) (noting "familiar principle" that factfinder "is the sole judge of the credibility of witnesses and the weight to be given to their testimony").

We conclude that Marlies provided some evidence of "a substantive and probative character" to support the trial court's decision that the award of $3,500 per month in spousal support was "equitable and necessary." *See Stamper*, 254 S.W.3d at 542; Tex. Fam. Code § 6.709(a)(1). Specifically, Marlies provided evidence of sufficient necessary expenses, including, among others, her expenses for taxes and monthly bills for her residence (which is also the child's primary residence), some grocery and food costs, some transportation expenses, some medical and insurance expenses, and certain incidental expenses, to support the trial court's award of $3,500 per month. Conversely, Bart has not established either that there was no evidence to support the trial court's award, *see Zeifman*, 212 S.W.3d at 588, or that the credible evidence supporting the award is so weak, or so contrary to the overwhelming weight of the evidence, that the award should be set aside because it is clearly wrong and manifestly unjust, *see Crosstex*, 505 S.W.3d at 615. On this record, considering the evidence presented at the hearing, we conclude that the trial court

8

had before it sufficient evidence upon which to exercise its discretion. *See Zeifman*, 212 S.W.3d at 588. We further conclude that the trial court made a reasonable decision based on the evidence before it. *See id.* Accordingly, based upon our review of the evidence, we conclude that the trial court's decision to award temporary spousal support in the amount of $3,500 per month was reasonable and does not constitute an abuse of discretion. We overrule Bart's first issue.

**Attorneys' fees**

In his second issue, Bart asserts that the trial court's award of $16,500 to Marlies in "interim" or appellate attorneys' fees is an abuse of discretion. Bart contends that Marlies did not establish that an order requiring Bart to pay her appellate attorneys' fees is "necessary for the preservation of the property and for the protection of the parties during an appeal" and that he lacks the liquidity to pay his own fees, having had to borrow money to pay the $25,000 retainer to his attorneys. *See* Tex. Fam. Code § 6.709(a)(2) (providing that trial court may render temporary order as considered "equitable and necessary for the preservation of the property and for the protection of the parties during an appeal, including an order . . . requiring the payment of reasonable and necessary attorney's fees and expenses"). Bart also argues that Marlies's attorneys' testimony did not adequately establish what the fees "are actually for" and that the trial court erred by not conditioning the award on an unsuccessful appeal by Bart.

In response, Marlies asserts that the record reflects that the fee award is necessary for the preservation of the property and protection of the parties because she has primary responsibility for the child and for upkeep of the child's primary residence, and moreover, that the final decree awarded her judgments against Bart in the property division that he has not paid to date and that he likewise had failed to pay the spousal-maintenance payments for the months before the signing of the temporary orders. Marlies points out that Bart's counsel stipulated at the hearing

9

to "[t]he appellate fees and reasonableness of rates and qualifications." Marlies acknowledges that the fee award should be conditional, characterizes the order's failure to reflect the contingency as a clerical error, and requests that the order be modified.

As with temporary spousal support, we similarly conclude that the trial court, under the circumstances of this case, could reasonably consider that Marlies has primary responsibility for the child and the care and upkeep of the child's principal residence when determining whether it would be equitable to order Bart to pay Marlies's appellate attorneys' fees. *See In re Garza*, 153 S.W.3d at 101. In addition, the trial court had before it Marlies's budget reflecting that her necessary expenses exceed her income.[7] And although the decree awards Marlies a money judgment and lien to equalize the property division in the amount of $400,000 payable to her in monthly payments of $2,500 per month, Bart has not paid either those monthly payments or the spousal-maintenance payments in the months following the decree.

In her motion for temporary orders, Marlies sought payment of her reasonable and necessary attorneys' fees and expenses "for defense of the appeal." A legal-services agreement between Marlies and the law firm of her primary appellate attorney and one of her trial attorneys was admitted into evidence at the hearing, as well as the résumés of Marlies's primary appellate attorney and her two trial attorneys. Marlies's attorneys testified at the hearing that the requested fees were $9,500 for the flat rate of Marlies's primary appellate attorney's services post-trial and for the appeal in this Court (including her time spent preparing for the temporary orders hearing), and the fees were $4,500 and $2,500, respectively, for the services of Marlies's two trial attorneys to assist Marlies's appellate attorney post-trial and with the appeal.

---

[7] To the extent Marlies's budget reflected a $300 per month expenditure on attorneys' fees, the evidence supports the trial court's $3,500 per month temporary spousal-support award without including that expenditure.

We conclude that the trial court had before it sufficient evidence upon which to exercise its discretion. *See Zeifman*, 212 S.W.3d at 588; *Crosstex*, 505 S.W.3d at 615. We further conclude that the trial court did not err in the application of its discretion. *See Zeifman*, 212 S.W.3d at 588. The trial court made a reasonable decision, based on the evidence before it, that the temporary order requiring the payment of reasonable and necessary attorneys' fees and expenses was equitable and necessary for the preservation of the property and for the protection of the parties during an appeal. *See* Tex. Fam. Code § 6.709(a)(2). Because we conclude the trial court did not abuse its discretion by awarding attorneys' fees, we overrule in part Bart's second issue.

However, we agree that the trial court erred by failing to condition payment of the attorneys' fees award on an unsuccessful appeal by Bart. "Any award of appellate attorney's fees should be conditioned on an unsuccessful appeal and an unconditional award is improper." *See In re Christensen*, 2017 WL 1485574, at *3. Although a trial court may award appellate attorneys' fees, it may not penalize a party for taking a successful appeal by taxing that party with attorneys' fees. *Houston Livestock Show & Rodeo, Inc. v. Hamrick*, 125 S.W.3d 555, 586 (Tex. App.—Austin 2003, no pet.). Because an unconditional award of appellate attorneys' fees is improper, the trial court must make the award of attorneys' fees to an appellee contingent upon the appellant's unsuccessful appeal. *Id.* But an unconditional award of appellate attorneys' fees does not require us to reverse the trial court's order—instead, we may modify the order to make the award contingent upon the receiving party's success on appeal. *See Keith v. Keith*, 221 S.W.3d 156, 171 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (modifying trial court's order to condition fee award upon "favorable ruling" to appellee). Accordingly, we sustain in part Bart's second issue, and we modify the trial court's order so that the attorneys' fees awarded are expressly contingent upon the ultimate success of Marlies on appeal. *See Houston Livestock*, 125 S.W.3d at 586.

11

## CONCLUSION

We lift our stay of the trial court's order that Bart pay Marlies temporary spousal support in the amount of $3,500 per month. We modify the trial court's temporary orders to provide that the court's award of attorneys' fees is made expressly contingent upon the ultimate success of Marlies on appeal. We affirm the remainder of the challenged portions of the trial court's temporary orders as modified.

It is ordered on November 24, 2021.

Before Chief Justice Byrne, Justices Triana and Kelly