# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00328-CV

### William Jegen, Appellant

### v.

### Sheila Jegen, Appellee

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-20-001511, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

This is an appeal from a final decree of divorce dissolving the marriage of William and Sheila Jegen.[1]  After William filed his notice of appeal from the decree, the district court signed temporary orders requiring him to pay Sheila $16,000 a month in spousal support and $40,000 to Sheila's appellate counsel.  Sheila has moved to dismiss William's appeal because he failed to comply with the temporary orders.  William filed a response and an alternative motion for review of the temporary orders.  He subsequently filed an emergency motion to stay the temporary orders.  We grant William's motion for review in part, deny his motion for emergency relief, and deny Sheila's motion to dismiss.

---

[1] For clarity, we refer to the parties by their first names.

## BACKGROUND

William and Sheila married in 1998; Sheila filed for divorce in March of 2020. The parties tried the case to the bench, and the district court signed the final decree of divorce on March 11, 2022. On June 2, 2022, William filed with the district court an "Affidavit of Negative Net Worth" attesting that he currently "ha[s] a net worth less than zero" and so was unable to post a bond, deposit, or other security to supersede the judgment. *See* Tex. R. App. P. 24.2(a)(1) (providing that amount of bond, deposit, or other security debtor must post to supersede judgment may not exceed the lesser of "50 percent of the judgment debtor's current net worth" or 25 million dollars). William filed timely notice of appeal the following day.

Sheila subsequently filed a motion for temporary orders seeking spousal support and appellate attorney's fees. *See* Tex. Fam. Code § 6.709(a) (authorizing court to issue temporary orders during appeal of divorce decree). William responded that he superseded the decree by filing his Affidavit of Negative Net Worth and that Sheila was trying to use temporary orders to begin collecting on the judgment. Following a hearing, the district court signed temporary orders that require William to pay Sheila $16,000 per month in spousal support and attorney's fees of $40,000.

It is undisputed that William did not pay any of the sums required by the temporary orders. On July 29, 2022, Sheila filed a motion to dismiss William's appeal because he failed to make the first two support payments and has not paid her attorney's fees. *See* Tex. R. App. P. 42.3(c). William filed a response and an alternative motion seeking review of the temporary orders. Sheila filed a response and William filed a reply. On October 6, 2022, William filed an emergency motion to stay both payment requirements. According to the

2

motion, the receiver appointed by the district court has moved to hold him in contempt for failing to comply with several provisions of the temporary orders, including the payment requirements.

## TEMPORARY ORDERS

We begin with William's challenge to the temporary orders. A court in a divorce case may "render a temporary order as considered equitable and necessary for the preservation of the property and for the protection of the parties during an appeal," including an order "requiring the support of either spouse" or "requiring the payment of reasonable and necessary attorney's fees and expenses." Tex. Fam. Code § 6.709(a)(1)–(2). A party may seek review of a temporary order by "motion filed in the court of appeals with jurisdiction" over the appeal. *Id.* § 6.709(a)(*l*)(1).

We review temporary awards of spousal support for an abuse of discretion. *Debrock v. Debrock*, No. 03-21-00308-CV, 2021 WL 5498757, at *2 (Tex. App.—Austin Nov. 24, 2021, order) (per curiam) (citing *In re Fuentes*, 506 S.W.3d 586, 592 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding [mand. denied])). "A trial court abuses its discretion when it acts with disregard of guiding rules or principles or when it acts in an arbitrary or unreasonable manner." *In re Academy, Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). In this context, "legal and factual sufficiency of the evidence are not independent grounds for asserting error, but they are relevant factors in assessing whether the trial court abused its discretion." *Debrock*, 2021 WL 5498757, at *2 (citing *Dunn v. Dunn*, 177 S.W.3d 393, 396 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)). There is no abuse of discretion "if there is some evidence of a substantive and probative character to support the court's decision." *Coburn v. Moreland*, 433 S.W.3d 809, 823 (Tex. App.—Austin 2014, no pet.).

3

William argues that the district court abused its discretion by requiring him to pay Sheila $16,000 per month in spousal support because he is unable to pay.  Specifically, he argues that he "invoked the judgment suspension procedures under the Texas Rules of Appellate procedure by attesting to his negative net worth."  Sheila responds that the affidavit does not conclusively establish William is unable to comply with the temporary orders.

We agree with Sheila.  Rule 24.2 provides that if a judgment debtor files an affidavit "that states the debtor's net worth and states complete, detailed information concerning the debtor's assets and liabilities from which net worth can be ascertained," the affidavit "is prima facie evidence of the debtor's net worth for the purpose of establishing the amount of the bond, deposit, or security required to suspend enforcement of the judgment."  Tex. R. App. P. 24.2(c)(1).  However, a "judgment creditor may file a contest to the debtor's claimed net worth" and "conduct reasonable discovery."  *Id.* R. 24.2(c)(2).  In a contest, the judgment debtor "has the burden of proving net worth."  *Id.* R. 24.2(c)(3).  Sheila states in her reply that she has filed a contest and has not conducted discovery.  William does not contest that she timely filed her challenge, and the record contains no indication that the district court has ruled on it.  *See id.* ("The trial court must issue an order that states the debtor's net worth and states with particularity the factual basis for that determination.").

Even if the district court has not yet ruled on Sheila's contest, the parties could have presented evidence regarding his ability to pay at the hearing on her motion for temporary orders.  However, the reporter's record of the hearing is not before us.  "Without a reporter's record we do not know what, if any, evidence was presented to the trial court."  *See Caldwell v. Goodfellow Caldwell*, No. 03-10-00292-CV, 2012 WL 5476848, at *2 (Tex. App.—Austin Nov. 8, 2012, pet. denied) (citing *In re Marriage of Spiegel*, 6 S.W.3d 643, 646 (Tex. App.—

4

Amarillo 1999, no pet.)). As the appellant, it was William's burden to present a record sufficient to show error. *See Vaclavik v. Addison*, No. 03-19-00528-CV, 2021 WL 1704249, at *1 (Tex. App.—Austin Apr. 30, 2021, no pet.) (mem. op.) ("The appellant usually bears the burden of presenting a trial court record that is sufficient to show reversible error." (citing *Dominguez v. Gilbert*, 48 S.W.3d 789, 794 (Tex. App.—Austin 2001, no pet.))). Under these circumstances, we must presume that the district court heard sufficient evidence to support its ruling. *See id.* at *1 ("In the absence of a reporter's record, we must presume that the evidence supported the judgment."); *Caldwell*, 2012 WL 5476848, at *2 (same). We overrule William's first issue.

Next, William argues that the district court erred by unconditionally awarding Sheila $40,000 in appellate attorney's fees. We agree.[2] Although a court may award appellate attorney's fees, it "may not penalize a party for taking a successful appeal by taxing that party with attorneys' fees." *Debrock*, 2021 WL 5498757, at *5 (citing *Houston Livestock Show & Rodeo, Inc. v. Hamrick*, 125 S.W.3d 555, 586 (Tex. App.—Austin 2003, no pet.)). Thus, an "award of appellate attorney's fees should be dependent on which party prevails on appeal." *Green v. Villas on Town Lake Owners Ass'n, Inc.*, No. 03-20-00375-CV, 2021 WL 4927414, at *8 (Tex. App.—Austin Oct. 22, 2021, pet. denied) (mem. op.) (citing *Northern & W. Ins. Co. v. Sentinel Inv. Grp.*, 419 S.W.3d 534, 541 (Tex. App.—Houston [1st Dist.] 2013, no pet.)); *see In re Christensen*, No. 01-16-00893-CV, 2017 WL 1485574, at *3 (Tex. App.—Houston [1st Dist.] Apr. 25, 2017, orig. proceeding) ("Any award of appellate attorney's fees should be conditioned on an unsuccessful appeal and an unconditional award is improper."). An unconditional award of attorney's fees does not require reversal of the award; instead, we may modify it to make it contingent on the receiving party' success on appeal. *See, e.g.*, *Debrock*, 2021 WL 5498757, at

---

[2] Sheila does not address this argument in her reply to William's response.

*5 (modifying trial court's order to make award of appellate attorney's fees contingent upon receiving party's success); *Green*, 2021 WL 4927414, at *8 (same). We sustain William's second issue in part and modify the temporary orders so that the attorney's fees award is contingent upon Sheila's ultimate success on appeal.

## SHEILA'S MOTION TO DISMISS

We next consider Sheila's motion to dismiss William's appeal for his undisputed failure to comply with the district court's temporary orders. Rule 42.3 authorizes an appellate court to dismiss an appeal "because the appellant has failed to comply with . . . a court order." Tex. R. App. P. 42.3(c). The "question of whether Rule 42.3 authorizes dismissal when an appellant fails to follow the trial court's order has divided appellate courts." *WC 1st & Trinity, LP v. Roy F. & JoAnn Cole Mitte Found.*, No. 03-19-00799-CV, 2021 WL 4465995, at *4 (Tex. App.—Austin Sept. 30, 2021, pet. denied) (mem. op.). The Court declined to address the issue because, even if Rule 42.3 permitted dismissal, we would not exercise that authority. *Id.* We explained that the same allegations were before the trial court in the context of a motion for sanctions, and the trial court was in "a better position to evaluate [the movant's] allegations." *Id.* Similarly, even assuming Rule 42.3 would empower us to dismiss William's appeal, we will not exercise that authority. The district court, who has presided over the case since the beginning, may consider the propriety of William's conduct in the context of adjudicating the receiver's motion for contempt. *See id.* (citing *In re Sheshtawy*, 154 S.W.3d 114, 124–25 (Tex. 2004) (orig. proceeding)). We deny the motion to dismiss.[3]

---

[3] We express no opinion on the propriety of William's conduct.

## CONCLUSION

We modify the district court's temporary orders so that the award of appellate attorney's fees is expressly conditioned on Sheila's ultimate success on appeal. We affirm the remainder of the temporary orders. We deny Sheila's motion to dismiss and William's emergency motion to stay.

It is so ordered on October 20, 2022

Before Chief Justice Byrne, Justices Triana and Smith