

# NUMBER 13-25-00610-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE PATRICK JOHN DERTIEN

---

## ON PETITION FOR WRIT OF MANDAMUS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca
Memorandum Opinion by Chief Justice Tijerina[1]**

By pro se petition for writ of mandamus, relator Patrick John Dertien contends that the trial court erred by ordering him to pay attorney's fees as part of temporary orders pending appeal. *See* TEX. FAM. CODE ANN. §§ 6.709(a), 109.001.[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Both sections were amended, effective September 1, 2025, to include the payment of court costs in addition to attorney's fees and expenses. *See* Act 2025, 89th Leg., ch. 593 (H.B.2524), § 4, eff. Sept. 1, 2025 (now codified as TEX. FAM. CODE ANN. § 6.709); Act 2025, 89th Leg., ch. 593 (H.B. 2524), § 22, eff., Sept. 1, 2025 (now codified as TEX. FAM. CODE ANN. § 109.001). The order at issue in this original proceeding was signed before the effective date of those amendments; however, the amendments have

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Challenges to temporary orders, such as the one at issue in this original proceeding, may be reviewed by mandamus under appropriate circumstances. *See, e.g.*, *In re Fuentes*, 506 S.W.3d 586, 592 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding [mand. denied]); *In re Merriam*, 228 S.W.3d 413, 416 (Tex. App.—Beaumont 2007, orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus,[3] the response filed by real party in interest Heather Michelle Dertien, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We deny the petition for writ of mandamus.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
4th day of December, 2025.

---

no effect on our analysis.

[3] Relator filed a supplement to his petition for writ of mandamus and a motion for leave to file the supplement. We grant relator's motion for leave and consider the supplement herein.

2