**Larry L. ROSE, Relator,**

v.

**Hon. John DOMINGUEZ, Paul G. Veale, et al., Respondents.**

No. 13–84–162–CV.

Court of Appeals of Texas, Corpus Christi.

April 19, 1984.

E.R. Fleuriet, Wiley, Hale & Fleuriet, Harlingen, for relator.

Walter J. Passmore, McAllen, John Dominguez, Edinburg, for respondents.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

Relator, Larry L. Rose, has petitioned for a writ of prohibition against respondents, the Honorable John Dominguez, Judge of the 93rd District Court of Hidalgo County, Texas; Paul G. Veale, Sr.; Paul G. Veale, Jr.; Gary W. Gipson; James H. Parker; Paul G. Veale & Company and the Honorable Walter J. Passmore (the attorney of record for Paul G. Veale, Sr., Paul G. Veale, Jr., Gary W. Gipson, James H. Parker and Paul G. Veale & Company) and the law firm of Ewers, Toothaker, Ewers, Abbott, Talbot, Hamilton & Jarvis (the partnership of attorneys representing the defendants in the original cause of action). Relator's petition seeks to restrain the respondents from enjoining the execution of those portions of the judgment of the trial court affirmed by this Court and approved by the Supreme Court.[1]

As background, this is a partnership dispute. Relator, as plaintiff, sued his former partners and the partnership itself for breach of contract and an accounting and declaratory judgment to recover sums due him under a written partnership agreement dated January 1, 1979. After a lengthy trial to a jury, a judgment was entered for relator in the amount of $177,670.34, including interest and attorney's fees, and a declaratory judgment, declaring that additional sums would become due and payable to relator at certain intervals. Judgment was further rendered that the defendants take nothing by their counterclaim, and the trial court dismissed their cross-action. On June 16, 1983, we entered a judgment affirming that portion of the trial court's judgment awarding relator the amounts established by him as due and owing under the partnership agreement and for his attorney's fees. We reversed that portion which awarded him actual damage for loss of the use of funds due him, and we rendered judgment that this amount be recalculated. Finally, we reversed and remanded that portion of the trial court's judgment which ordered that appellants take nothing on their counterclaim.[2]

On March 21, 1984, this Court issued its mandate, and relator obtained a writ of execution in accordance with the mandate.[3] On April 5, 1984, respondents, by and through their attorneys, sought and obtained a Temporary Restraining Order preventing relator from executing on the prior

---

1. *Veale v. Rose,* 657 S.W.2d 834 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

2. The facts as to the relationship of the parties and that lawsuit are fully set forth in our prior

opinion, we therefore feel that no further expansion is necessary at this time.

3. There is apparently $326,129.30 currently due and owing under the judgment.

portion of the judgment which awarded relator a money judgment, contending that no final judgment currently exists or will exist until the counterclaim is resolved. From the granting of this order, and to prevent any future interference with execution, relator comes before us today with this petition for writ of prohibition.

Faced with very similar fact issues, the Commission of Appeals in *Nalle v. Harrell,* 118 Tex. 149, 12 S.W.2d 550 (1929), opinion adopted, was asked by certified question to determine whether a party was entitled to the issuance of the execution demanded by him for the enforcement of the judgment rendered in his favor by the trial court and affirmed by the Court of Appeals, prior to the final disposition of the cross-action of appellees. The Court responded that:

'The great object of all discounts or set-offs is, to adjust the indebtedness between the parties, and to permit executory process to be enforced only for the balance that may be due.' [Citations omitted.]

\*     \*     \*     \*     \*     \*

Averments of the bases of those rights and claims thereof make up a part of the 'pleadings' to which the 'one final judgment' must be 'conformed' .... Hence it has been held a judgment not disposing of a reconvention is not a final one. [Citations omitted.]

\*     \*     \*     \*     \*     \*

*In consequence, the judgment ... is interlocutory, and judgment in the case cannot become final until defendant's claims are finally adjudicated or given disposition otherwise. The necessary result of holding that the elements of the case are severable so as to permit a judgment presently enforceable in one branch is to deny the right of mutual cancellation by judicial action which we say is established in our law.* [Emphasis added.]

■ No attempt was made (until this petition was filed herein) to sever the two causes of action. Generally, cases should not be tried piecemeal. However, in this case, it also would not have been proper to have caused a retrial of this entire, bitterly-fought contract action and cross-action.

After examining the record concerning a review by us of the jury's award of attorney's fees, we observed in our original opinion and concluded that:

In this case, *the claim and counterclaim are very closely related.* Though based on different provisions, the claim and counterclaim alleged breaches of the same contract. Basically, *the same facts on which the appellants based their affirmative defenses to Rose's suit formed the basis of their counterclaim .... The two actions are so interrelated that no distinction between the prosecution of Rose's claim and the defense of the counterclaim is necessary.* (Emphasis added.)

■ Our re-examination of the record at this time again convinces us that the judgment is interlocutory in nature. A judgment against one party cannot be final until the other party's claims are finally adjudicated or given disposition otherwise. *Nalle v. Harrell.* To permit a final adjudication of one action could raise all kinds of confusing problems in the retrial of the counterclaim, whether compulsory or not. *See: McGuire v. Commercial Union Insurance Co. of N.Y.,* 431 S.W.2d 347 (Tex. 1968); *Pan American Production Company v. Hollandsworth,* 294 S.W.2d 205 (Tex. Civ.App.—Austin 1956, writ ref'd n.r.e.). It would be unfair and inequitable not to permit the respondent to present a complete claim as best he can as a set-off to that part of the judgment heretofore affirmed and rendered.

In view of the disposition that we make herein, we suggest that the trial court give the parties a preferential setting so that the relator's claims are finally adjudicated or given disposition otherwise. The relator's motion to sever is denied for lack of jurisdiction. Relator's petition for writ of prohibition is denied.