**Levada HUGHES, Appellant,**

**v.**

**HABITAT APARTMENTS, Appellee.**

**No. 05–92–00085–CV.**

Court of Appeals of Texas, Dallas.

March 31, 1992.

Rehearing Denied April 22, 1992.

Robert W. Doggett, James B. Pinson, Dallas, for appellant.

C. Bryan Dunklin, Paula L. Beasley, Dallas, for appellee.

Before ENOCH, C.J., and MALONEY and CHAPMAN, JJ.

## OPINION

PER CURIAM.

Appellant Levada Hughes appeals a judgment in a forcible entry and detainer action in favor of appellee Habitat Apartments. The trial court awarded Habitat a writ of possession and a monetary judgment for accrued rentals, attorney's fees during trial, and attorney's fees in the event of an appeal ("appellate attorney's fees"). Hughes applied to the trial court to set an appropriate amount for a supersedeas bond, to suspend execution of the judgment pending appeal. The trial court set the amount of the supersedeas bond at $5,182, an amount that includes the award of appellate attorney's fees. Hughes has filed a motion with this Court, requesting that we review the amount of the supersedeas bond set by the trial court. For the reasons given below, we modify the amount of the supersedeas bond and subtract that portion of the amount intended to secure Habitat's judgment for appellate attorney's fees.

An award of appellate attorney's fees is a conditional award, depending upon the outcome of the appeal. A trial court must condition an award of appellate attorney's fees upon the appellant's unsuccessful appeal. *Rittgers v. Rittgers*, 802 S.W.2d 109, 115 (Tex.App.—Corpus Christi 1990, writ denied). Because an award of appellate attorney's fees is conditional upon the unsuccessful outcome of the appeal, it is not a final award until after the appeal. *Cf. Beavers v. Beavers*, 675 S.W.2d 296, 300 (Tex.App.—Dallas 1984, no writ) (a judgment for attorney's fees that might accrue in a later proceeding is beyond the control of the trial court's authority). We conclude that an award of attorney's fees in the event of an appeal to a court of appeals becomes final only when that court of appeals affirms the trial court's judgment.

A supersedeas bond is not intended to provide security for damages that have not been finally determined. *Cf. Culbertson v. Brodsky*, 775 S.W.2d 451, 454 (Tex. App.—Fort Worth 1989, writ dism'd w.o.j.), *op. on merits*, 788 S.W.2d 156 (Tex.App.—Forth Worth 1990, writ denied) (Tex.R.App.P. 47 is not intended to provide security for speculative damages). Execution cannot issue on a judgment that is not final. *See Rose v. Dominguez*, 669 S.W.2d 866, 867–68 (Tex.App.—Corpus Christi 1984, orig. proceeding).

Therefore, because an award of appellate attorney's fees is only a conditional award until the conclusion of the appeal, we hold that Hughes cannot be compelled to post a supersedeas bond that includes the amount of that award while the appeal remains pending. Habitat cannot execute upon the trial court's judgment to the extent that it awards appellate attorney's fees, until that award is made final by this Court's affirmance. Because Habitat cannot yet execute upon that portion of the trial court's judgment, Hughes should not be required to supersede that portion while her appeal remains pending before this Court.

We grant Hughes's motion to review the amount of the supersedeas bond set by the trial court. We order the amount of the supersedeas bond set by the trial court to be reduced by the amount of the award of appellate attorney's fees.