**Opinion issued April 25, 2017**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-16-00893-CV

_____

### IN RE TROY LEE CHRISTENSEN, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Troy Lee Christensen, has filed a petition for a writ of mandamus challenging the trial court's order granting real party in interest Christina Christensen's motion for temporary orders pending appeal.[1] Troy contends that the trial court abused its discretion in ordering him to (1) pay Christina's appellate

---

[1]   The underlying proceeding is *In the Matter of the Marriage of Christina Christensen and Troy Lee Christensen*, Cause No. 2015-43169, in the 246th District Court of Harris County, Texas, the Honorable Charley E. Prine presiding.

attorney's fees by depositing $50,000 into the registry of the court; (2) post a bond or cash equivalent in the amount of $275,000, which included the appellate attorney's fees, to protect her against the potential loss of property or property rights accruing to her during his appeal; and (3) pay temporary spousal support of $3,500 a month until the appeal is final. Troy additionally contends that the trial court abused its discretion in signing an order "intended to unjustly penalize [him] for asserting his rights to file an appeal of a grossly disproportionate division of community property." We conditionally grant the petition in part.

## Background

In the underlying proceeding, Christina filed a petition for divorce and division of the parties' community estate. After a two-day bench trial, the trial court signed a final decree of divorce and later signed a "Reformed Final Decree of Divorce." In pertinent part, the trial court awarded Christina funds in (1) a Fidelity checking account; (2) a Fidelity brokerage account; (3) a Charles Schwab retirement account, less an amount awarded to Troy; (4) a Fidelity retirement account, less an amount confirmed as Troy's separate property and an amount awarded to Troy; and (5) an undivided 50% interest in a Schlumberger Discounted Stock Purchase Plan. The trial court also ordered Troy to pay Christina's attorney's fees in the amount of $20,000. S

2

After Troy timely filed a notice of appeal of the reformed final decree, Christina moved for temporary orders pending appeal pursuant to Texas Family Code section 6.709. Among other things, Christina asked the trial court to:

> order [Troy] to pay reasonable appellate attorney's fees and expenses to [her] for the benefit of her appellate counsel with such appellate fees to be ordered paid by [Troy] into the registry of the Court through the Harris County District Clerk's office by a date certain, and to be held in the registry and thereafter payable to [Christina] upon [Troy's] pursuit of an unsuccessful appeal. In the alternative, [Christina] request[ed] the Court to grant a judgment against [Troy] for reasonable appellate attorney's fees, with such judgment to be conditioned upon [his] pursuit of an unsuccessful appeal, bearing interest on such judgment from the date the appeal becomes final at the legal rate per annum until paid.

Christina also asked the Court to order Troy "to post a sufficient bond while the appeal is pending to secure [his] compliance with the terms of the final decree relating to the accounts" awarded to Christina in the reformed final decree and to pay her temporary spousal support pending appeal. Troy responded to Christina's motion, contending that the motion was intended to penalize him for appealing the reformed final decree, section 6.709 did not authorize prepayment of appellate attorney's fees into the court registry or posting a bond, and payment of temporary spousal support was not justified.

After a hearing at which Troy, Christina, and her counsel testified, the trial court granted Christina's motion, finding that temporary orders were "necessary for the preservation of the property and the protection of the parties during the appeal."

3

The trial court awarded Christina attorney's fees in the amount of $30,000 if Troy unsuccessfully appealed the reformed final decree to this Court and in the amount of $20,000 if he unsuccessfully pursued a petition for review in the Texas Supreme Court. The court required Troy to pay these amounts "to the Harris County District Clerk Court Registry by cash, cashier's check or money order" by November 15, 2016, to be held for Christina's benefit conditioned on Troy's unsuccessful appeal or petition for review. The trial court additionally ordered Troy to post a bond in the amount of $275,000, or its cash equivalent, in the court registry by November 15, 2016, "to protect [Christina] against the potential loss of property or property rights accruing to her during the course of the appeal under the terms of the Reformed Final Decree of Divorce." The bond amount represented:

> the estimated value (with interest) of property and/or payments accruing to [Christina] as redeemable and/or payable by [Troy] under the terms of the Final Decree of Divorce while the appeal in the court of appeals remains pending (which the trial court has anticipated to be as long as two years from the date the appeal was perfected) and includ[ed] the appellate attorney[']s fees of $50,000 awarded herein.

The order entitled Troy to a reduction of the "bond or cash equivalent payment" to the extent that he "compli[ed] with the terms of the Reformed Final Decree of Divorce regarding the redemption, payment and delivery of property or funds to [Christina]" during the pendency of the appeal. Finally, the trial court ordered Troy to pay to Christina temporary spousal support of $3,500 per month.

4

Troy then filed his petition for a writ of mandamus, which included a motion for temporary relief. We granted the motion in part and stayed the portions of the trial court's order that required Troy to pay appellate attorney's fees awarded to Christina into the court registry and to post a bond, or cash equivalent, in the amount of $275,000.

**Standard of Review**

Mandamus is an extraordinary remedy that is available when a trial court clearly abuses its discretion and there is no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is and applying it to the facts and abuses its discretion if it fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *Walker*, 827 S.W.2d at 840. A trial court abuses its discretion concerning factual matters if the record establishes that the trial court could have reached only one conclusion. *Walker*, 827 S.W.2d at 841; *see In re Allen*, 359 S.W.3d 284, 287 (Tex. App.—Texarkana 2012, orig. proceeding) (citing *Walker*, 827 S.W.2d at 839–40) ("Where, as here, a relator seeks to overrule a decision based on factual issues or matters committed to the trial court's discretion, [relator] has the burden to show the trial court could have reached only one decision on the facts."). In regard to a factual

issue, we may not substitute our judgment for that of the trial court. *Walker*, 827 S.W.2d at 840.

The requirement that a relator establish the lack of an adequate remedy by appeal is a "fundamental tenet" of mandamus practice. *Id.* Because a challenge to a temporary order under section 6.709 is reviewable in conjunction with the underlying appeal, mandamus relief is available only when reviewing the order with the appeal is an inadequate remedy. *In re Fuentes*, 506 S.W.3d 586, 592 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding [mand. denied]) (citing *In re Merriam*, 228 S.W.3d 413, 416 (Tex. App.—Beaumont 2007, orig. proceeding)). Because here the trial court ordered amounts paid before the conclusion of his appeal, Troy's remedy by appeal is inadequate. *See id.*; *see also In re Merriam*, 228 S.W.3d at 416 (concluding relator's remedy by appeal was adequate when trial court did not require him to pay appellate attorney's fees until conclusion of unsuccessful appeal).

## Discussion

### A. The trial court's award of appellate attorney's fees

In his second and third issues, Troy contends that the trial court abused its discretion in ordering him to pay appellate attorney's fees in the amount of $50,000 into the court registry. Section 6.709 of the Family Code authorizes a trial court to "render a temporary order necessary for the preservation of the property and for the

6

protection of the parties during the appeal, including an order to . . . require the payment of reasonable attorney's fees and expenses." TEX. FAM. CODE ANN. § 6.709(a)(2) (West 2006). Any award of appellate attorney's fees should be conditioned on an unsuccessful appeal and an unconditional award is improper. *Keith v. Keith*, 221 S.W.3d 156, 171 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Sipco Servs. Marine, Inc. v. Wyatt Field Servs., Co.*, 857 S.W.2d 602, 607 (Tex. App.—Houston [1st Dist.] 1993, no writ)); *see In re Marriage of Edwards*, No. 06-12-00016-CV, 2012 WL 4503413, at *11 (Tex. App.—Texarkana Oct. 2, 2012, no pet.) (mem. op.) (concluding trial court did not abuse discretion by awarding conditional appellate attorney's fees under section 6.709).

Here, the trial court awarded appellate attorney's fees conditioned on Troy's unsuccessful appeal or petition for review. Troy does not challenge the amount of attorney's fees awarded Christina or assert that the award is not properly conditioned on an unsuccessful appeal. Relying on *Halleman v. Halleman*, No. 02-11-00238-CV, 2011 WL 5247882 (Tex. App.—Fort Worth Nov. 3, 2011, orig. proceeding) (mem. op.), he asserts that section 6.709(a) does not authorize the attorney's fees to be prepaid into the registry of the court. Christina responds that the *Halleman* decision rests on the court's conclusion that the record indicated that relator did not have the ability to pay the fees and does not rest on a conclusion that payment into the court registry was improper.

7

In *Halleman*, the trial court signed a temporary order that required the relator to pay $95,000 into the court's registry for the real party in interest's appellate attorney's fees and allocated specified amounts from the court registry to relator or the real party in interest at various stages of the appellate proceedings. *Id.* at *2–3. Relator sought mandamus review of the order, contending that the trial court abused its discretion in ordering her to pay appellate attorney's fees of $95,000 and "to prepay that amount into the court's registry." *Id.* at *3. The court of appeals concluded that the record indicated that relator did not have the ability to pay any amount of attorney's fees and the trial court abused its discretion in ordering her "to prepay $95,000 into the trial court's registry." *Id.* at *4. And, because the attorney's fees would not be payable to the real party in interest, "if at all," until the appellate court rendered a judgment in the appeal, the court conditionally granted mandamus relief "to vacate the provisions in the current order requiring the immediate deposit of $95,000 into the trial court's registry and allocating funds [to the parties] from that deposit for the various stages of the appeal." *Id.* at *5. In sum, the real party in interest was entitled only to "conditional appellate attorney's fees" to be paid in the event of a successful appeal. *Id.* (citing *In re Garza¸* 153 S.W.3d 97, 99 (Tex. App.—San Antonio 2004, orig. proceeding); *Hughes v. Habitat Apartments*, 828 S.W.2d 794, 795 (Tex. App.—Dallas 1992, order)).

8

Although the *Halleman* court made note that the relator did not have the ability to pay the attorney's fees, the court's substantive ruling held that prepayment of the appellate attorney's fees into the court registry was improper while the appeal was pending. *Id.* at \*5; *see Halleman v. Halleman*, 379 S.W.3d 443, 454 (Tex. App.—Fort Worth 2012, no pet.) (citing *Halleman*, 2011 WL 5247882, at \*4–5) (stating court's conclusion that trial court abused its discretion by requiring real party in interest "to prepay" $95,000 into trial court's registry). Because the appellate attorney's fees will not be payable to Christina, "if at all," until the appellate proceedings are final, we conclude that the trial court abused its discretion in requiring Troy to pay the amount of $50,000 for appellate attorney's fees into the court registry. *See Halleman*, 2011 WL 5247882, at \*5; *see also Hughes*, 828 S.W.2d at 795 (holding appellant could not be compelled to post supersedeas bond that included amount for appellate attorney's fees). Accordingly, we sustain Troy's second and third issues.

## B.     The trial court's order to post a bond or cash equivalent

In his fourth issue, Troy contends that the trial court abused its discretion in ordering him to post a bond or a cash equivalent in the amount of $275,000, which included the amount of appellate attorney's fees awarded to Christina. He asserts that the trial court did not have authority to require him "to post a bond to secure his compliance under Section 6.709 or otherwise." He additionally asserts that Texas

9

Rule of Civil Procedure 24, which Christina cited in her motion for temporary orders, applies to the suspension of enforcement of a judgment and "is totally inapplicable to this situation."

In her motion for temporary orders, Christina asked the trial court "to order [Troy] to post a sufficient bond while the appeal is pending to secure [his] compliance with the terms of the final decree relating to the accounts" awarded Christina. She asserted that "[t]he amount of the bond should be sufficient to cover the value of the property as determined by the trial court at rendition as well as interest at a reasonable rate calculated over the expected duration of the appeal, which may be as long as two years." Christina also asked the trial court to require Troy to provide statements for the accounts and to enjoin him from certain actions regarding the accounts from the date of any temporary orders through the earliest of the date the appeal was final, he transferred the assets, or he "post[ed] adequate security as requested herein if ordered and/or as authorized pursuant to [Texas Rule of Appellate Procedure 24]." Although referring to rule 24, Christina's motion does not indicate that she asked the trial court to determine the amount of security necessary to suspend enforcement of the reformed final decree pending appeal. *See* TEX. R. APP. P. 24.1 (permitting judgment debtor to supersede judgment by providing security to suspend enforcement of judgment); *Whitmire v. Greenridge Place Apartments*, 333 S.W.3d 255, 262 (Tex. App.—Houston [1st Dist.] 2010, pet.

10

dism'd) (quoting *Muniz v. Vasquez*, 797 S.W.2d 147, 150 (Tex. App.—Houston [14th Dist.] 1990, no writ)) ("The goal in setting the supersedeas bond is to require an amount which will 'adequately protect the judgment creditor against any loss or damage occasioned by the appeal.'").

At the hearing on Christina's motion for temporary orders, the parties testified about the funds and accounts awarded Christina in the reformed final decree. Troy testified that he had control over the accounts and Christina did not have access to them. She testified that she had concerns about the preservation of the property awarded to her, Troy had not accounted "for over $204,000 of [her] assets" under the decree and had depleted or removed funds from the accounts awarded to her. He testified that he traded or sold approximately $300,000 in stocks in a Fidelity retirement account that was divided between Christina and him, and had removed amounts that the trial court had awarded to him. She testified that she had been awarded approximately $223,000 from that account but a balance of only $122,000 remained. She further testified that she had been awarded a Fidelity brokerage account "at $39,700," had not received that money, and, at the time of the hearing, $8 remained in the account. An account statement admitted into evidence at the hearing showed an account balance of $0.02. Troy testified that overdraft payments to a separate account awarded Christina had reduced the funds in the brokerage account. Christina further testified that she had not received amounts from the

11

Charles Schwab retirement account or the Schlumberger discounted stock plan. Troy testified that issues existed regarding the documents needed to transfer these accounts to Christina.

In granting Christina's motion, the trial court required Troy to post a bond or cash equivalent to protect her "against the potential loss of property or property rights accruing to her during the course of the appeal under the terms of the Reformed Final Decree of Divorce." Troy presents no authority to support his assertion that the trial court did not have authority under section 6.709 to require him to post a bond or its cash equivalent. To the contrary, section 6.709 "vests a trial court with discretionary authority to render temporary orders when necessary, either to preserve the marital property pending appeal or to protect the parties pending appeal." *Love v. Bailey-Love*, 217 S.W.3d 33, 36 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see In re Garza*, 153 S.W.3d at 100–01 (concluding trial court did not abuse discretion in ordering relator to deposit payments for interest in community homestead into court registry when necessary to preserve community estate pending appeal). We conclude that the trial court did not abuse its discretion in requiring Troy to post a bond or its cash equivalent.

In this issue, we do not understand Troy to challenge the amount of the bond or cash equivalent he is required to post. Nevertheless, because we have concluded that the trial court abused its discretion in requiring him to deposit the amount of

$50,000 awarded as appellate attorney's fees into the court registry, we conclude that inclusion of that amount in the amount of the bond or cash equivalent also was an abuse of discretion. We sustain Troy's fourth issue in part.

**C.    The trial court's order for temporary spousal support**

In his fifth issue, Troy contends that the trial court abused its discretion in ordering him to pay to Christina temporary spousal support in the amount of $3,500 per month until his appeal is final. He asserts that he does not have the financial ability to pay any temporary spousal support, the calculation of the amount of support is flawed, and the support obligation "was part of the property division improperly disguised as spousal support" and was intended to penalize him for exercising his rights to appeal.

Temporary spousal support is intended to provide for the parties' necessary expenses. *In re Fuentes*, 506 S.W.3d at 593 (citations omitted). Temporary support should be awarded based on considerations of the degree to which the applicant is destitute of means to pay for her necessities during the pendency of the appeal and the other spouse's ability to pay. *Id.* (citation and internal quotations omitted). We review an award of temporary spousal support for an abuse of discretion, determining whether the trial court had sufficient information on which to exercise its discretion and erred in its application of that discretion. *Id.* at 592–93 (citing *Stamper v. Knox*, 254 S.W.3d 537, 542 (Tex. App.—Houston [1st Dist.] 2008, no

13

pet); *Dunn v. Dunn*, 177 S.W.3d 393, 396 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)).

At the hearing on Christina's motion, Troy testified that the separate property and community property awarded to Christina was "significantly in her favor," he was awarded a "very large percentage" of the parties' debt, he had to borrow or obtain $25,000 from family members to keep himself afloat, and his ability to borrow funds "was becoming more difficult." He explained that he was unable to pay the amount of $20,000 in attorney's fees awarded to Christina in the reformed final decree, post a bond of $250,000 or $280,000, or pay temporary spousal support. He further testified that he earned $215,000 per year and had received a $24,000 bonus "this year." Troy's "Financial Information Statement" admitted into evidence at the hearing showed that he had a net monthly income of $10,630 and monthly expenses of $13,638.

Christina testified that she works full time "as a consultant" in "a contract position," she could "be let go at any time," and her income from that position pays for her "normal and necessary monthly expenses except for liabilities." She testified that her car "was destroyed in the flood at the time of [the] divorce," she had bought a car since then, and she did not "have any liquidity to pay for that car." Additionally, she has incurred credit card debt for legal fees relating to the divorce and appeal proceedings, resulting in part from Troy's failure to pay the $20,000 awarded to her

14

in the final divorce decree, and had sold stock to pay for some amounts. She explained that she was awarded $70,000 in cash in the divorce decree, which she had not received. If she had received the $70,000, she would not have "this debt structure" and would not have to seek temporary support. She sought temporary support of $3500 a month "to help cover the expenditures from [the] divorce, the credit card bill, and [her] car." Her "Financial Information Statement" admitted into evidence showed a net monthly income of $6,933 and total monthly expenses of $12,532.

Considering the evidence presented at the hearing on Christina's motion for temporary orders, we conclude that Troy has not demonstrated that the trial court may have reached only one decision and has not demonstrated an abuse of discretion. We overrule Troy's fifth issue.

## D.    The order as an improper "monetary penalty"

In his first issue, Troy contends that the trial court abused its discretion in signing an order that was not intended to protect Christina or her property but "to unjustly penalize [him] for asserting his rights to file an appeal of a grossly disproportionate division of community property."[2] He asserts that the requirement to deposit an amount for attorney's fees and post a bond or its cash equivalent is "a

---

[2]    Any issue as to the appropriateness of the trial court's division of the parties' community property is not before us in this original proceeding.

15

precondition for pursuing an appeal." Relying on *In re Ford Motor Co.*, 988 S.W.2d 714 (Tex. 1988), Troy asserts that the order is a "monetary penalty" that "has a chilling effect on the exercise of [his] legal rights."

In *Ford Motor Co.*, the Texas Supreme Court considered the trial court's imposition of sanctions under Texas Rule of Civil Procedure 215. The challenged order required relator to pay attorney's fees of $25,000 if it appealed or sought mandamus review of the sanctions order. *Id.* at 720. The court concluded that the trial court abused its discretion in awarding the attorney's fees without conditioning the award on the outcome of the appellate court proceedings and this unconditional award unjustly penalized relator for seeking mandamus review of the sanctions order. *Id.* at 721.

That decision, however, does not support entitlement to mandamus relief in this case. Unlike the appellate attorney's fees awarded in *Ford Motor Co.*, the award of attorney's fees here is conditioned on the outcome of the appellate court proceedings. As discussed, we have concluded that the trial court abused its discretion in ordering Troy to deposit the amount of appellate attorney's fees awarded Christina into the court registry and including that amount in the amount of the bond. We further concluded that the trial court did not abuse its discretion, under section 6.709, in requiring Troy to post a bond or its cash equivalent. Finally, Troy

16

has not demonstrated that the trial court's order prevents him from pursuing his appeal of the reformed final decree. We overrule Troy's first issue.

## Conclusion

Accordingly, because we conclude that the trial court abused its discretion in requiring Troy to pay appellate attorney's fees in the amount of $50,000 into the court registry and including that amount in the amount of the bond, or cash equivalent, he is required to post with the court registry, we conditionally grant the petition for a writ of mandamus in part, and direct the trial court to modify its "Order on Petitioner's Motion for Temporary Orders Pending Appeal" consistent with this memorandum opinion. The writ will issue only if the trial court does not. Finally, we vacate our order, issued on November 14, 2016, staying portions of the trial court's order.

Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.